# EXHIBIT A

Patrick J. Neligan, Jr.
Texas State Bar No. 14866000
Seymour Roberts, Jr.
Texas State Bar No. 17019150
**NELIGAN FOLEY LLP**
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

PROPOSED COUNSEL FOR THE DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CRAFT INTERNATIONAL, LLC | § | CASE NO. 14-32605-SGJ-11 |
| | § | |
| DEBTOR | § | |

**PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY**
**CODE PROPOSED BY CRAFT INTERNATIONAL, LLC**

**NELIGAN FOLEY LLP**
Patrick J. Neligan, Jr.
pneligan@neliganlaw.com
Seymour Roberts, Jr.
sroberts@neliganlaw.com

325 N. St. Paul, Suite 3600
Dallas, TX 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

PROPOSED COUNSEL FOR THE DEBTOR

Dated: June 10, 2014

# TABLE OF CONTENTS

I. DEFINITIONS, CONSTRUCTION, AND INTERPRETATION .........................................1

II. UNCLASSIFIED CLAIMS.................................................................................................9

    2.01.   Administrative Claims. ........................................................................................9
    2.02.   Priority Tax Claims..............................................................................................10
    2.03.   U.S. Trustee Fees. ...............................................................................................10

III. CLASSIFICATION OF CLAIMS AND INTERESTS.................................................10

    3.01.   Introduction..........................................................................................................10
    3.02.   Claims Against and Interests in the Debtor. ........................................................11

IV. IDENTIFICATION OF UNIMPAIRED AND IMPAIRED
    CLAIMS AND INTERESTS ...........................................................................................11

    4.01.   Unimpaired Claims and Interests........................................................................11
    4.02.   Impaired Claims and Interests .............................................................................11
    4.03.   Controversy Concerning Impairment ..................................................................11

V. TREATMENT OF CLAIMS AND INTERESTS ...........................................................11

    5.01.   General Unsecured Claims – Class 1 ...................................................................11
    5.02.   Interests in the Debtor – Class 2 .........................................................................12

VI. MEANS FOR EXECUTION AND IMPLEMENTATION
    OF THIS PLAN.................................................................................................................12

    6.01.   Distributions; Sources of Cash for Plan Distributions..........................................12
    6.02.   Debtor's Management and Operations Post-Effective Date..................................12

VII. TREATMENT OF EXECUTORY CONTRACTS.........................................................12

    7.01.   General Treatment of Executory Contracts: Rejected .........................................12
    7.02.   Cure Payments and Release of Liability...............................................................13
    7.03.   Bar to Rejection Claims.......................................................................................13
    7.04.   Rejection Claims..................................................................................................13

VIII. CONDITIONS TO CONFIRMATION DATE AND EFFECTIVE
    DATE; EFFECT OF PLAN CONFIRMATION ...........................................................14

    8.01.   Conditions Precedent to Confirmation Date........................................................14
    8.02.   Conditions Precedent to the Effective Date.........................................................14
    8.03.   Consequences of Non-Occurrence of Effective Date ..........................................15

**IX. EFFECT OF PLAN CONFIRMATION AND EFFECTIVE DATE** ...............................**15**

9.01. Binding Effect ...................................................................................15
9.02. Vesting of Assets ..............................................................................15
9.03. Assertion of Causes of Action, Defenses and Counterclaims................................15
9.04. Discharge of Debtor ...........................................................................16
9.05. Exculpation ......................................................................................16
9.06. Injunction ........................................................................................17
9.07. Term of Bankruptcy Injunction or Stays ....................................................17
9.08. Effectuating Documents; Further Transactions; Timing ....................................17

**X. OBJECTIONS TO CLAIMS AND INTERESTS; DISTRIBUTIONS** ..............................**18**

10.01. Objections to Claims and Interests ........................................................18
10.02. Objection Deadline ...........................................................................18
10.03. Settlement of Objections to Claims or Interests .........................................18
10.04. No Interest on Claims .........................................................................18
10.05. Setoffs by the Debtor; No Waiver ...........................................................18
10.06. Procedures for Treating and Resolving Disputed and Contingent Claims ...........19
10.07. Distributions Under the Plan ................................................................20
10.08. Duty to Disgorge Overpayments .............................................................21

**XI. ACCEPTANCE OR REJECTION OF THE PLAN** ...........................................**21**

11.01. Impaired Classes Entitled to Vote ...........................................................21
11.02. Acceptance by an Impaired Class ...........................................................21
11.03. Section 1129(b) Cramdown ...................................................................21

**XII. RETENTION OF JURISDICTION** ...........................................................**21**

12.01. Jurisdiction .....................................................................................21
12.02. Examination of Claims ........................................................................22
12.03. Determination of Disputes ...................................................................22
12.04. Additional Purposes ..........................................................................22
12.05. Failure of the Bankruptcy Court to Exercise Jurisdiction ...............................24

**XIII. MISCELLANEOUS PROVISIONS** ..........................................................**24**

13.01. General Notices ...............................................................................24
13.02. Exemption From Transfer Taxes ............................................................25
13.03. Asserting and Curing Defaults Under the Plan ...........................................25
13.04. Revocation or Withdrawal of the Plan .....................................................25
13.05. Modification of the Plan .....................................................................26
13.06. Computation of Time .........................................................................26
13.07. Due Authorization ............................................................................26
13.08. Implementation ...............................................................................26
13.09. Execution of Documents .....................................................................26
13.10. Bankruptcy Restrictions .....................................................................26

13.11. Ratification................................................................................................27
13.12. Integration Clause.......................................................................................27
13.13. Interpretation.............................................................................................27
13.14. Severability of Plan Provisions....................................................................27
13.15. Governing Law...........................................................................................27

## Introduction

Craft International, LLC, the Debtor herein proposes this Plan of Reorganization under Bankruptcy Code § 1121(a). Reference is made to the Disclosure Statement, distributed contemporaneously herewith, for a discussion of the Debtor's history, business, properties, results of operations, resolutions of certain material disputes, projections for future operations and liquidation, risk factors, a summary and analysis of the Plan, and certain related matters.

THE DEBTOR URGES ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS TO READ THIS PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY. NO SOLICITATION MATERIALS OTHER THAN THE DISCLOSURE STATEMENT AND ANY DOCUMENTS, SCHEDULES OR EXHIBITS ATTACHED THERETO OR REFERENCED THEREIN HAVE BEEN AUTHORIZED BY THE DEBTOR OR THE BANKRUPTCY COURT FOR USE IN SOLICITING ACCEPTANCES OR REJECTIONS OF THIS PLAN.

The Distributions to be made under this Plan to Holders of Allowed Claims and Allowed Interests, in each of the Classes of Claims against and Interests in the Debtor set forth in Article III of this Plan, are set forth in Article V of this Plan.

## I. Definitions, Construction, and Interpretation

The capitalized terms used herein shall have the respective meanings set forth below. A capitalized term used herein that is not defined in this Article or otherwise defined in the Plan will have the meaning, if any, ascribed to that term in the Bankruptcy Code. To the extent that there is an inconsistency between a definition in this Plan and a definition in the Bankruptcy Code, the definition set forth in this Plan will control. The rules of construction contained in Bankruptcy Code § 102 will apply to the construction of the Plan, provided, that in the event of any conflict between the Plan and the Disclosure Statement, the Plan will govern over the Disclosure Statement. In the event a conflict between the Plan and any document implementing the Plan arises, the document will govern unless the Plan provides otherwise. In the event a conflict between the Plan and the Confirmation Order arises, the Confirmation Order will govern. Whenever the context requires, words denoting the singular number will include the plural number and vice versa, and words denoting one gender will include the other gender and vice versa. All exhibits and schedules to the Disclosure Statement are incorporated herein. **All exhibits to the Disclosure Statement have been, or will be, filed electronically with the Bankruptcy Court. Copies of such exhibits may be viewed and/or downloaded from the Bankruptcy Court's PACER website.**

**Further, the Debtor will provide copies of any or all exhibits to the Disclosure Statement upon written request submitted to:**

**Neligan Foley LLP**
**Attn: Ruth A. Clark**
**325 N. St. Paul, Suite 3600**
**Dallas, TX 75201**
**rclark@neliganlaw.com**

1

**1.01.** *"Administrative Claim"* means a Claim against the Debtor for payment or reimbursement of an administrative expense of a kind within the scope of Bankruptcy Code § 503(b) and entitled to priority under Bankruptcy Code § 507(a)(2), including, without limitation, (a) actual, necessary costs and expenses, incurred after the Petition Date, of preserving the Estate and operating the Debtor's business, including wages, salaries, or commissions for services rendered, (b) Fee Claims and all other claims for compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, (c) all Claims arising under Bankruptcy Code § 503(b)(9), (d) all fees and charges assessed against the Estate under the Bankruptcy Code or under § 1930 of chapter 123 of title 28 of the United States Code, and (e) all other claims entitled to administrative priority claim status under a Final Order.

**1.02.** *"Allowance Date"* means the date on which a Claim becomes an Allowed Claim or an Interest becomes an Allowed Interest.

**1.03.** *"Allowed,"* with respect to a Claim, other than an Administrative Claim means such a Claim, or any portion thereof, (a) that has been allowed by a Final Order, (b) that either (y) was listed in the Schedules as a liquidated, non-contingent, and undisputed Claim in an amount greater than zero or (z) is the subject of a timely filed proof of Claim as to which either (i) no objection to its allowance has been filed (either by way of objection or amendment of the Schedules) on or before the Objection Deadline or (ii) any objection to its allowance has been settled, waived through payment, withdrawn or overruled by a Final Order, (c) that is expressly allowed in a liquidated amount in the Plan, or (d) that is in an amount agreed to by the Debtor and the Holder of such Claim; with respect to an Administrative Claim, means an Administrative Claim for which a timely written request for payment has been made in accordance with the Plan (if such written request is required) and as to which (y) no timely objection to its allowance has been filed or (z) any objection to its allowance has been settled, waived through payment, withdrawn or overruled by a Final Order; and, with respect to an Interest, means any Interest that appears, as of the Petition Date, in the Debtor's books and records except as provided in the Plan or otherwise determined by a Final Order.

**1.04.** *"Asset"* means any property owned by the Estate or the Debtor.

**1.05.** *"Avoidance Action"* means any Cause of Action arising under chapter 5 of the Bankruptcy Code including, but not limited to, Bankruptcy Code §§ 502, 510, 541, 542, 544, 545, 547, 548, 549, 550, 551, or 553, or under any similar applicable law, including, without limitation, fraudulent transfer laws, whether or not any such Cause of Action has been asserted or commenced as of the Effective Date.

**1.06.** *"Ballot"* means the form of ballot distributed with the Disclosure Statement and the Plan to each Holder of an impaired Claim or Interest entitled to vote to accept or reject the Plan and which each such Holder may use to cast a vote to accept or reject the Plan.

**1.07.** *"Balloting Deadline"* means _____, 2014 at 5:00 p.m. Central Standard Time, the deadline set by the Bankruptcy Court's order approving the Disclosure Statement for the receipt of Ballots for accepting or rejecting the Plan.

**1.08.** *"Bankruptcy Case"* means the case under chapter 11 of the Bankruptcy Code commenced by the Debtor in the Bankruptcy Court.

**1.09.** *"Bankruptcy Code"* means title 11 of the United States Code, as now in effect or hereafter amended and as applicable to the Bankruptcy Case.

**1.10.** *"Bankruptcy Court"* means the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, or any other court or adjunct thereof having jurisdiction over the Bankruptcy Case.

**1.11.** *"Bankruptcy Rules"* means, collectively, the Federal Rules of Bankruptcy Procedure and the Official Bankruptcy Forms, as amended, the Federal Rules of Civil Procedure, as amended and as applicable to the Bankruptcy Case or proceedings therein, and the Local Rules of the Bankruptcy Court, all as now in effect or hereafter amended.

**1.12.** *"Bar Date"* means the deadline for filing in the Bankruptcy Case proofs of Claims or Interests arising before the Petition Date against or in the Debtor, which date is _____, 2014, other than (a) Claims by governmental units, as to which no deadline has yet been set, and (b) Claims whose filing deadline is otherwise subject to the Rejection Bar Date.

**1.13.** *"Business Day"* means any day other than a Saturday, a Sunday, a "legal holiday" as such term is defined in Bankruptcy Rule 9006(a), or any other day on which commercial banks in New York, New York are required or authorized to close by law or executive order.

**1.14.** *"Cash"* means legal tender of the United States of America and equivalents thereof, which may be conveyed by check or wire transfer.

**1.15.** *"Causes of Action"* means any and all claims, actions, arbitrations, proceedings, causes of action, rights, suits, complaints, notices of non-compliance or violation, enforcement actions, investigations, accounts, controversies, agreements, promises, rights of action, rights to legal or equitable remedies, rights to payment, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law, equity or otherwise, that the Debtor and/or the Estate may hold against any Person, or which could be asserted by the Debtor on behalf of any Creditor or Creditor representative under the Bankruptcy Code as a debtor in possession (under Bankruptcy Code §§ 1107(a) and 1108) or by any representative of the Debtor or the Estate, including but not limited to all Avoidance Actions, all proceeds of and recoveries of same, and all actual and potential actions and causes of action identified in the Disclosure Statement.

**1.16.** *"Claim"* will have the meaning provided in Bankruptcy Code § 101(5).

**1.17.** *"Collateral"* means any property or interest in property of (a) the Estate or, (b) after the Effective Date, of the reorganized Debtor, that is subject to a Lien to secure the payment or performance of a Claim, which Lien is valid, perfected and enforceable under applicable law and is not subject to avoidance or otherwise invalid under the Bankruptcy Code or applicable non-bankruptcy law.

**1.18.** *"Confirmation Date"* means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on its docket.

**1.19.** *"Confirmation Hearing"* means the hearing held by the Bankruptcy Court under Bankruptcy Code § 1128 to consider confirmation of the Plan, which is scheduled to commence on _____, 2014, at _____ ___.m. Central Standard Time, and as may be adjourned or continued from time to time.

**1.20.** *"Confirmation Order"* means the order of the Bankruptcy Court confirming the Plan under Bankruptcy Code § 1129.

**1.21.** *"Creditor"* means any Person that is the Holder of a Claim against the Debtor.

**1.22.** *"Cure Amount"* means any amount required to be paid as a condition for the assumption of an Executory Contract under Bankruptcy Code § 365(b).

**1.23.** *"Debtor"* means Craft International, LLC, including, as the context may require, such Entity reorganized under the Plan from and after the Effective Date.

**1.24.** *"Disallowed"* when used with respect to a Claim or Interest, shall mean a Claim or Interest, or a portion thereof, that (a) has been disallowed by a Final Order or any provision of the Plan, (b) is listed in the Schedules in an amount of zero or as contingent, unliquidated or disputed and as to which no proof of Claim has been filed by the Bar Date or deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or a Final Order or under applicable law, unless an Allowed amount of such Claim has been agreed to by the Debtor and the Holder thereof, or (c) is not listed in the Schedules and as to which (i) no proof of Claim has been filed by the Bar Date or deemed timely filed with the Bankruptcy Court under either the Bankruptcy Code or a Final Order or under applicable law, or (ii) no request for the allowance of an Administrative Claim (including a Fee Claim) has been filed by the deadline in ¶ 2.01 of the Plan or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or a Final Order or under applicable law.

**1.25.** *"Disclosure Statement"* means the disclosure statement (including all exhibits and schedules thereto) relating to the Plan, as approved by the Bankruptcy Court and distributed contemporaneously with this Plan in accordance with Bankruptcy Code § 1125 and Bankruptcy Rule 3017, as it may be altered, amended or modified from time to time in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

**1.26.** *"Disputed"* means, with respect to a Claim (including any Administrative Claim) or Interest, a Claim or Interest, or any portion thereof, (a) that is neither Allowed under the Plan or a Final Order nor deemed Allowed under § 502, 503 or 1111 of the Bankruptcy Code, (b) that is listed in the Schedules as disputed, contingent, or unliquidated and which has not been resolved by written agreement of the parties or a Final Order; (c) for which a proof of Claim or Interest has been timely filed or deemed timely filed with the Bankruptcy Court and as to which any party in interest has timely filed an objection or request for estimation in accordance with the Plan, the Bankruptcy Code, the Bankruptcy Rules or any order of the Bankruptcy Court, or which is otherwise Disputed by the Debtor in accordance with applicable law, which objection, request for estimation, or dispute has not been withdrawn or resolved or determined by a Final

4

Order; or (d) that is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim or Interest has been determined by Final Order in such other forum and Allowed by Final Order. Prior to the expiration of the time within which to object to such Claim or Interest set forth herein or otherwise established by order of the Bankruptcy Court, a Claim or Interest will be considered Disputed to the extent that (i) the amount of the Claim or Interest specified in a proof of Claim or Interest exceeds the amount listed in the Schedules and/or (ii) the Claim or Interest is classified differently in the proof of Claim or Interest than in the Schedules. To the extent an objection to the allowance of only a portion of a Claim or Interest has been timely filed, such Claim or Interest will be a Disputed Claim only to the extent of the portion subject to objection.

1.27.   *"Disputed Amount"* means (a) if a liquidated amount is set forth in a proof of Claim or Interest relating to a Disputed Claim or Interest, (i) the liquidated amount set forth in the proof of Claim or Interest relating to the Disputed Claim or Interest, (ii) an amount agreed to by the Debtor and the Holder of such Disputed Claim or Interest, or (iii) if a request for estimation is filed by any party, the amount at which such Claim or Interest is estimated by the Bankruptcy Court; (b) if no liquidated amount is set forth in the proof of Claim or Interest relating to a Disputed Claim or Interest, (i) an amount agreed to by the Debtor and the Holder of such Disputed Claim or Interest, (ii) the amount estimated by the Bankruptcy Court with respect to such Disputed Claim or Interest; or (c) zero, if the Claim or Interest was not listed on the Schedules or was listed on the Schedules as disputed, contingent or unliquidated and no proof of Claim or Interest was filed, or deemed to have been filed, by the Bar Date and the Claim or Interest has not been resolved by written agreement of the Debtor and the Holder of such Claim or Interest or an order of the Bankruptcy Court.

1.28.   *"Distribution"* means the property to be distributed under the Plan to the Holders of Allowed Claims or Holders of Allowed Interests.

1.29.   *"Distribution Date"* means the date upon which a Distribution is made in accordance with the Plan to Holders of Allowed Claims or Allowed Interests entitled to receive Distributions under the Plan.

1.30.   *"Effective Date"* means the first Business Day that is after fourteen (14) days following the Confirmation Date on which (a) no stay or motion for a stay of the Confirmation Order is in effect or pending and (b) all conditions to the Effective Date have been met or waived. The Debtor will file and serve notice of the Effective Date within five (5) Business Days after its occurrence.

1.31.   *"Entity"* will have the meaning provided in Bankruptcy Code § 101(15).

1.32.   *"Estate"* means the estate of the Debtor created under Bankruptcy Code § 541.

1.33.   *"Executory Contract"* means any prepetition executory contract or unexpired lease within the meaning of Bankruptcy Code § 365 between the Debtor and any other Person(s).

1.34.   *"Face Amount"* means (a) when used in reference to a Disputed Claim or Interest, the Disputed amount of such Claim or Interest, and (b) when used in reference to an Allowed Claim or Interest, the Allowed amount of such Claim or Interest.

**1.35.** *"Fee Application"* means an application for the allowance and/or payment of a Fee Claim.

**1.36.** *"Fee Claim"* means a Claim against the Debtor by a Professional or any other party under Bankruptcy Code §§ 327, 328, 330, 331, 363, 503(b) or 1103 or otherwise for compensation for services rendered or reimbursement of costs, expenses, or other charges incurred after the Petition Date and prior to and including the Effective Date.

**1.37.** *"Final Decree"* means the final decree entered by the Bankruptcy Court under Bankruptcy Rule 3022, which will, *inter alia*, close the Bankruptcy Case.

**1.38.** *"Final Order"* means an order or judgment of the Bankruptcy Court or other court of competent jurisdiction that has not been stayed, reversed or amended and as to which order or judgment (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending; provided, however, that no order or judgment will fail to be a Final Order solely because of the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure may be filed with respect to such order or judgment.

**1.39.** *"General Unsecured Claim"* means a Claim other than an Administrative Claim, a Secured Claim, a Priority Tax Claim, or a Non-Tax Priority Claim.

**1.40.** *"Holder"* means the beneficial owner of a Claim or an Interest. For purposes of voting to accept or reject the Plan, a Person must be a Holder as of the Voting Record Date.

**1.41.** *"Initial Distribution Date"* means the first Distribution Date following the Effective Date, which date will be no later than thirty (30) days after the Effective Date.

**1.42.** *"Interest"* means the legal, equitable, contractual, and/or other rights of any Person with respect to any membership units or other ownership interest in the Debtor, whether or not transferable, and any option, warrant or right to purchase, sell, or subscribe for an ownership interest or other equity security in the Debtor.

**1.43.** *"Lien"* has the meaning provided in Bankruptcy Code § 101(37) and will include a "statutory lien" as defined in Bankruptcy Code § 101(53).

**1.44.** *"New LLC Agreement"* means the amended and updated company agreement to be entered into under which the General Unsecured Creditors will be allocated their pro rata share of new membership interests in the reorganized Debtor.

**1.45.** *"Non-Tax Priority Claim"* means any Claim against the Debtor that, if Allowed, would be entitled to priority in payment under Bankruptcy Code § 507(a) other than a Priority Tax Claim or an Administrative Claim.

**1.46.** *"Noteholders"* means those General Unsecured Creditors that loaned money to the Debtor under the 12% Convertible Preferred Note that was executed on December 18, 2009.

**1.47.** *"Objection Deadline"* means the last day for filing objections to Claims (other than Administrative Claims or Fee Claims) or Interests, which day shall be the later of (a) 180 days after the Effective Date, (b) 90 days after the filing date of any proof of Claim or Interest that is timely filed after the Confirmation Date, or (c) such other day as the Bankruptcy Court may order. The filing of a motion to extend the Objection Deadline will automatically extend the Objection Deadline until an order ruling on such motion becomes a Final Order. If such motion to extend the Objection Deadline is denied, the Objection Deadline will be the later of the current Objection Deadline (as previously extended, if applicable) or thirty (30) days after the Bankruptcy Court's order denying such motion becomes a Final Order.

**1.48.** *"Old LLC Agreement"* means the Amended and Restated Company Agreement of Craft International LLC (A Texas Limited Liability Company).

**1.49.** *"Ordinary Course of Business"* will have the meaning provided under Bankruptcy Code § 363 and judicial interpretations thereof.

**1.50.** *"Person"* means any Entity, natural person, corporation, limited partnership, general partnership, joint venture, trust, land trust, business trust, unincorporated organization, or other organization (irrespective of whether it is a legal entity), and any "governmental unit" as that term is defined in Bankruptcy Code § 101(27).

**1.51.** *"Petition Date"* means May 30, 2014, the date the Debtor filed its petition for relief under chapter 11 of the Bankruptcy Code.

**1.52.** *"Plan"* means this Debtor's Plan of Reorganization and all exhibits or agreements annexed to such plan, referenced in such plan, as the same may be altered, amended, modified, or supplemented from time to time in accordance with the Bankruptcy Code and the Bankruptcy Rules.

**1.53.** *"Priority Tax Claim"* means any Claim that, if Allowed against the Debtor, would be entitled to priority under Bankruptcy Code § 507(a)(8).

**1.54.** *"Prime Rate"* means the prime rate of interest as it is published in the Wall Street Journal (which is the base rate on corporate loans posted by at least seventy percent (70%) of the ten (10) largest banks in the United States) on the Effective Date, or the next Business Day if the Effective Date is not a Business Day.

**1.55.** *"Professional"* means (a) any Person employed in the Bankruptcy Case under Bankruptcy Code §§ 327, 328 or 1103 or otherwise and (b) any Person seeking compensation or reimbursement of costs and expenses in connection with the Bankruptcy Case under Bankruptcy Code § 503(b)(4) or 1129(a)(4).

**1.56.** *"Pro Rata"* means, at any time, the proportion that the Allowed Amount of a Claim or an Interest in a particular Class bears to the aggregate Face Amount of all Claims or Interests (including Disputed Claims or Interests, but excluding Disallowed Claims or Interests) in that Class as of the date of the relevant determination, unless the Plan provides otherwise.

7

**1.57.** *"Rejection Bar Date"* means the deadline by which any Person must file a Rejection Claim, which deadline will be the later of (a) thirty (30) days after service of a notice of the Effective Date or (b) such other date as is prescribed by the Bankruptcy Court.

**1.58.** *"Rejection Claim"* means a Claim by a party to an Executory Contract that has not been assumed by the Debtor under the Plan or a prior Final Order entered in the Bankruptcy Case for damages arising from the rejection by the Debtor of such Executory Contract under Bankruptcy Code § 365.

**1.59.** *"Schedule of Assumed Contracts"* means the schedule that identifies Executory Contracts, if any, to be assumed under Bankruptcy Code §§ 365 and 1123(b)(2) under the Plan and proposed Cure Amounts related thereto.

**1.60.** *"Schedules"* means, with respect to the Debtor, the schedules of Assets and liabilities, the list of Holders of Interests, and the statement of financial affairs filed by the Debtor under Bankruptcy Code § 521 and Bankruptcy Rule 1007, as such items have been or may be modified, supplemented or amended.

**1.61.** *"Secured Claim"* means a Claim against the Debtor secured by a Lien that is not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law, on or against property in which the Estate has an interest, or a Claim that is subject to setoff under Bankruptcy Code § 553, but only to the extent of the value of the Holder's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable; as determined by a Final Order pursuant to Bankruptcy Code § 506(a) or, in the case of setoff, under Bankruptcy Code § 553, or in either case as agreed upon in writing by the Debtor and the Holder of such Claim. Secured Claims will include Claims secured by Liens junior in priority to other Liens, whether by operation of law, contract, or otherwise, but solely to the extent of the value, as of the Effective Date or such other date established by the Bankruptcy Court, of such Claim Holder's interest in the Estate's interest in such property after giving effect to all Liens that are senior in priority. The amount of any Claim that exceeds the value of the Holder's interest in the Estate's interest in property or the amount subject to setoff will be treated as a General Unsecured Claim.

**1.62.** *"Secured Tax Claim"* means a Claim by a governmental unit for the payment of a tax assessed against property of the Estate and that is secured as of the Effective Date by a Lien against such property, which Lien is valid, perfected and enforceable under applicable law and is not subject to avoidance under the Bankruptcy Code or applicable non-bankruptcy law, but only to the extent of the value of the property securing such Claim.

**1.63.** *"Unclaimed Property"* means any Distribution under the Plan that, for a period of one year after the applicable Distribution Date (unless otherwise extended by an order of the Bankruptcy Court or an agreement with the Debtor), is either (a) attributable to the Holder of an Allowed Claim that has failed to prepare, execute and return an Internal Revenue Service Form W-9, (b) returned as undeliverable, or (c) otherwise unclaimed.

**1.64.** *"Voting Record Date"* means the date approved by the Bankruptcy Court as of which a Person must be the Holder of a Claim or an Interest for purposes of voting on the Plan.

## II. Unclassified Claims

**2.01. Administrative Claims.**

    (a)    **Time for Filing Administrative Claims.** The Holder of any Administrative Claim that is incurred, accrued or in existence prior to the Effective Date, other than (i) a Fee Claim, (ii) an Allowed Administrative Claim, or (iii) a liability in the Ordinary Course of Business must file with the Bankruptcy Court and serve on all parties required to receive such notice a request for the allowance of such Administrative Claim on or before thirty (30) days after the Effective Date. Such request must include at a minimum (i) the name of the Holder of the Claim, (ii) the amount of the Claim, and (iii) the basis of the Claim. Failure to timely and properly file and serve the request required under this paragraph will result in the Administrative Claim being forever barred and discharged. Objections to such requests must be filed and served under the Bankruptcy Rules on the requesting party and the Debtor within thirty (30) days after the filing of the applicable request for payment of an Administrative Claim.

    (b)    **Time for Filing Fee Claims.** Any Person who holds or asserts an Administrative Claim that is a Fee Claim will be required to file with the Bankruptcy Court and serve on all parties required to receive such notice a Fee Application within ninety (90) days after the Effective Date. Failure to timely and properly file and serve a Fee Application as required under this paragraph will result in the Fee Claim being forever barred and discharged. No Fee Claim will be deemed Allowed until an order allowing the Fee Claim becomes a Final Order. An objection to a Fee Application must be filed and served under the Bankruptcy Rules on the Debtor and the Person whose Fee Application is the subject of the objection no later than fourteen (14) days before the hearing on such Fee Application. No hearing may be held on less than twenty-eight (28) days' notice.

    (c)    **Allowance of Administrative Claims.** An Administrative Claim with respect to which a request for payment is required and has been properly filed under ¶ 2.01(a) of the Plan will become an Allowed Administrative Claim if no timely objection is filed. If a timely objection is filed, the Administrative Claim will become an Allowed Administrative Claim only to the extent Allowed by a Final Order. An Administrative Claim that is a Fee Claim, and with respect to which a Fee Application has been properly filed and served under ¶ 2.01(b) of the Plan, will become an Allowed Administrative Claim only to the extent Allowed by a Final Order after notice and an opportunity for hearing.

    (d)    **Payment of Allowed Administrative Claims.** Except to the extent that a Holder of an Allowed Administrative Claim has been paid prior to the Effective Date, or agrees to a different treatment, each Holder of an Allowed Administrative Claim (other than Allowed Administrative Claims incurred in the Ordinary Course of Business, which are paid under ¶ 2.01(e) below) will receive, in full satisfaction, release and discharge of and exchange for such Administrative Claim, and after the application of any retainer or deposit held by such Holder, Cash from the Debtor equal to the Allowed amount of such Administrative Claim within ten (10) Business Days after the Allowance Date with respect to such Allowed Administrative Claim.

    (e)    **Administrative Claims Incurred in the Ordinary Course of Business.** Holders of Administrative Claims based on liabilities incurred in the Ordinary Course of

Business of the Debtor after the Petition Date during the Bankruptcy Case (other than Claims of governmental units for taxes or Claims and/or penalties related to such taxes; Administrative Claims arising under Bankruptcy Code § 503(b)(9); or alleged Administrative Claims arising in tort) will not be required to file any request for payment of such Claims. Each Administrative Claim incurred in the Ordinary Course of Business of the Debtor will be paid by the Debtor under the terms and conditions of the transaction giving rise to such Administrative Claim, without any further action by the Holder of such Administrative Claim. The Debtor reserves the right to object before the Objection Deadline to any Administrative Claim arising, or asserted as arising, in the Ordinary Course of Business, and will withhold payment of such claim until such time as any objection is resolved under a settlement or a Final Order.

### 2.02. Priority Tax Claims.

Except to the extent that an Allowed Priority Tax Claim has been paid or otherwise satisfied prior to the Initial Distribution Date, each Holder of an Allowed Priority Tax Claim, in full satisfaction, release, settlement, and discharge of and exchange for such Claim, will receive from the Debtor (a) deferred Cash payments over a period not exceeding five (5) years after the Petition Date in an aggregate principal amount equal to the Allowed amount of such Priority Tax Claim, plus interest, from the Petition Date through the date such Claim is paid in full, on the unpaid portion thereof at the rate of interest determined under applicable non-bankruptcy law as of the calendar month in which the Confirmation Date occurs, in equal annual installments with the first payment to be due on the later of (i) the Initial Distribution Date or (ii) five (5) Business Days after the date when a Priority Tax Claim becomes an Allowed Priority Tax Claim, and subsequent payments to be due on each anniversary of the Initial Distribution Date, or (b) such other less favorable treatment to which such Holder and the Debtor agree in writing. Notwithstanding the foregoing, (a) any Claim or demand for payment of a penalty (other than a penalty of the type specified in Bankruptcy Code § 507(a)(8)(G)) will be Disallowed under the Plan and the Holder thereof will not assess or attempt to collect such penalty from the Debtor or from any of its Assets, and (b) the Debtor will have the right to pay any Allowed Priority Tax Claim, or any unpaid balance of such Claim, in full, at any time after the Effective Date, without premium or penalty.

### 2.03. U.S. Trustee Fees.

The Debtor will timely pay to the United States Trustee all quarterly fees incurred by the Debtor under 28 U.S.C. § 1930(a)(6) until the Bankruptcy Case is closed or dismissed. The Debtor will serve on the United States Trustee a quarterly financial report for each quarter (or portion thereof) after the Effective Date that the Bankruptcy Case remains open.

### III. Classification of Claims and Interests

### 3.01. Introduction.

All Claims and Interests, except Administrative Claims and Priority Tax Claims, are placed in the Classes set forth below. In accordance with Bankruptcy Code § 1123(a)(1), Administrative Claims and Priority Tax Claims have not been classified.

Except for the unclassified Claims discussed in Article II above, ¶ 3.02 of the Plan sets forth a designation of Classes of all Claims and Interests in accordance with Bankruptcy Code § 1122(a). A Claim or Interest is classified in a particular Class only to the extent any portion of the Claim or Interest qualifies within the description of the Class and is classified in a different Class to the extent any portion of the Claim or Interest qualifies within the description of that different Class. If a Claim or Interest is acquired or transferred, the Claim or Interest will be placed in the Class in which it would have been placed if it were owned by the original Holder of such Claim or Interest. A Claim or Interest is also placed in a particular Class for the purpose of receiving Distributions only to the extent that such Claim or Interest is an Allowed Claim or an Allowed Interest in that Class and such Claim or Interest has not been paid, satisfied or released before the Effective Date.

**3.02. Claims Against and Interests in the Debtor.**

Class 1: General Unsecured Claims

Class 2: Interests in the Debtor

## IV. Identification of Unimpaired and Impaired Claims and Interests

**4.01. Unimpaired Claims and Interests**

There are no unimpaired Claim against the Debtor or Interests in the Debtor.

**4.02. Impaired Claims and Interests**

Claims against the Debtor in Class 1 and Interests in the Debtor in Class 2 are impaired under the Plan. The Holders of the Class 1 Claims against the Debtor are entitled to vote to accept or reject the Plan. The Holders of the Class 2 Interests in the Debtor are conclusively deemed to have rejected the Plan and are not entitled to vote to accept or reject the Plan.

**4.03. Controversy Concerning Impairment**

In the event of a controversy as to whether any Claim or Interest or any Class of Claims or Interests is impaired under the Plan, the Bankruptcy Court will determine the controversy, after notice and a hearing.

## V. Treatment of Claims and Interests

**5.01. General Unsecured Claims – Class 1**

(a) **Allowance.** The Allowed amount of each General Unsecured Claim will be agreed to by the Debtor and the Holder thereof, or determined by the Bankruptcy Court, and in either event will not include interest.

(b) **Treatment.** Class 1 Claims will be paid on the Effective Date by the Debtor canceling its existing membership units under the Old LLC Agreement and issuing 1

million new membership units in favor of the General Unsecured Creditors under the New LLC Agreement. Each General Unsecured Creditor will be allocated a number of new membership units equal to its *pro rata* position vis-à-vis the other General Unsecured Creditors.

### 5.02. Interests in the Debtor – Class 2

On the Effective Date, the pre-petition Interests in the Debtor will be cancelled.

## VI. Means For Execution and Implementation of This Plan

### 6.01. Distributions; Sources of Cash for Plan Distributions

The Debtor will make all Distributions required under the Plan, subject to the provisions of the Plan. The sources of Cash necessary for the Debtor to make all Distributions required under the Plan will be: (a) the Cash of the Debtor on hand as of the Effective Date; (b) Cash arising from the operation, ownership, and maintenance of the Debtor and Assets owned, managed, and/or serviced by or at the direction of the Debtor on or after the Effective Date; and (c) any Cash generated or received by the Debtor on or after the Effective Date from any other source, including, without limitation, any recoveries from the prosecution of all Causes of Action.

### 6.02. Debtor's Management and Operations Post-Effective Date

From and after the Effective Date, the Debtor will retain title, ownership, possession, and control over its intellectual property and all other Assets in its Estate, under the New LLC Agreement.

## VII. Treatment of Executory Contracts

### 7.01. General Treatment of Executory Contracts: Rejected

The Plan constitutes and incorporates a motion under Bankruptcy Code §§ 365 and 1123(b)(2) to (a) reject, as of the Effective Date, all Executory Contracts to which the Debtor is a party, except for any Executory Contract that was terminated before the Effective Date or has been assumed or rejected under an order of the Bankruptcy Court entered before the Effective Date, and (b) assume all Executory Contracts identified in the Schedule of Assumed Contracts that will be included in the Disclosure Statement. The Old LLC Agreement will be amended, modified and restated as provided in the New LLC Agreement, and as so amended, modified and restated will be assumed and included in the Schedule of Assumed Contracts; provided, that no Cure Amount will be Allowed with respect to the assumption of the New LLC Agreement.

The Confirmation Order will constitute an order of the Bankruptcy Court under Bankruptcy Code §§ 365 and 1123(b)(2) approving the rejection or assumption, as applicable, of Executory Contracts under the Plan as of the Effective Date. Notice of the Confirmation Hearing will constitute notice to any non-debtor party to an Executory Contract that is to be assumed or rejected under the Plan of the proposed assumption or rejection of such Executory Contract and any proposed Cure Amount.

**7.02. Cure Payments and Release of Liability**

Except as otherwise provided in a Final Order, under Bankruptcy Code §§ 365(a), (b), (c) and (f), all Cure Amounts that may require payment under Bankruptcy Code § 365(b)(1) under any Executory Contract that is assumed under a Final Order of the Bankruptcy Court (which may be the Confirmation Order) will be paid by the Debtor within fifteen (15) Business Days after such order becomes a Final Order with respect to undisputed Cure Amounts or within fifteen (15) Business Days after a Disputed Cure Amount is Allowed by agreement of the parties or a Final Order. If a party to an assumed Executory Contract has not filed an appropriate pleading on or before the date of the Confirmation Hearing disputing any proposed Cure Amount, the cure of any other defaults, the promptness of the Cure Amount payments, or the provisions of adequate assurance of future performance, then such party will be deemed to have waived its right to dispute such matters. Any party to an assumed Executory Contract that receives full payment of a Cure Amount will waive the right to receive any payment on a Class 1 General Unsecured Claim that relates to or arises out of such assumed Executory Contract. Notwithstanding the foregoing, the Debtor may, in its sole discretion, file a motion to reject any Executory Contract as to which a Cure Claim is established by an order of the Bankruptcy Court, and any such motion will be filed no later than five (5) Business Days after the order of the Bankruptcy Court allowing such Cure Claim becomes a Final Order.

**7.03. Bar to Rejection Claims**

If the rejection of an Executory Contract under ¶ 7.01 or 7.02 of the Plan gives rise to a Claim by any non-Debtor party or parties to such Executory Contract, such Claim will be forever barred and will not be enforceable against the Debtor, the Estate, or the agents, successors, or assigns of the foregoing, unless a proof of such Claim is filed with the Bankruptcy Court and served upon the Debtor on or before the Rejection Bar Date. Any Holder of a Claim arising out of the rejection of an Executory Contract that fails to file a proof of such Claim on or before the Rejection Bar Date will be forever barred, estopped, and enjoined from asserting such Claim against the Debtor, the Estate or any of their Assets. Nothing contained herein will extend the time for filing a proof of Claim for rejection of any Executory Contract rejected before the Confirmation Date.

**7.04. Rejection Claims**

Any Rejection Claim arising from the rejection of an Executory Contract will be treated as a General Unsecured Claim under the Plan, except as limited by the provisions of Bankruptcy Code §§ 502(b)(6) and 502(b)(7) and mitigation requirements under applicable law. Nothing contained herein will be deemed an admission by the Debtor that such rejection gives rise to or results in a Rejection Claim or will be deemed a waiver by the Debtor or any other party in interest of any objections to such Rejection Claim if asserted.

## VIII. Conditions to Confirmation Date and Effective Date; Effect of Plan Confirmation

**8.01. Conditions Precedent to Confirmation Date**

The occurrence of the Confirmation Date of the Plan is subject to satisfaction or waiver by the Debtor of each of the following conditions:

(a)     The Bankruptcy Court will have entered a Final Order, in form and substance acceptable to the Debtor, approving the Disclosure Statement;

(b)     The proposed Confirmation Order will be in form and substance acceptable to the Debtor; and

(c)     All of the schedules, documents, supplements and exhibits to the Plan and Disclosure Statement will have been filed in form and substance acceptable to the Debtor.

**8.02. Conditions Precedent to the Effective Date**

The occurrence of the Effective Date of the Plan is subject to the occurrence or waiver by the Debtor of each of the following conditions precedent:

(a)     The Confirmation Order will have become a Final Order in form and substance acceptable to the Debtor; and

(b)     All documents in the Plan and Disclosure Statement will be in form and substance acceptable to the Debtor and will have been executed and delivered by the Debtor, and all conditions to the effectiveness of such documents will have been satisfied or waived as provided therein.

The Debtor may waive any of the foregoing conditions to the Effective Date, in whole or in part, without notice to any other parties in interest or the Bankruptcy Court, without any hearing or order of the Bankruptcy Court, and without any formal action other than proceeding to consummate the Plan. Without limiting the foregoing, the Effective Date may occur notwithstanding the pendency of an appeal of the Confirmation Order so long as there is no stay in effect, if the Debtor so elects in writing. The Effective Date may occur before the expiration of time to take an appeal or to seek reconsideration of the Confirmation Order without the giving of any notice to any objecting party, if the Debtor so elects in writing. In the event of any such appeal, the Debtor or any other party in interest may seek the dismissal of such appeal on any grounds. The failure of the Debtor to exercise any of the foregoing rights will not be deemed a waiver of any other rights, and each such right will be deemed an ongoing right that may be asserted at any time. The Debtor will file with the Bankruptcy Court, and serve a copy on all parties in interest, a notice of the Effective Date within five (5) Business Days after its occurrence.

**8.03.  Consequences of Non-Occurrence of Effective Date**

If the Effective Date does not timely occur, the Debtor reserves all rights to seek an order from the Bankruptcy Court directing that the Confirmation Order be vacated and/or that the Plan be null and void in all respects.  If the Bankruptcy Court enters an order vacating the Confirmation Order, the time within which the Debtor may assume and assign, or reject, all Executory Contracts not previously assumed, assumed and assigned, or rejected will be extended for a period of thirty (30) days after the date the Confirmation Order is vacated or as further extended by the Bankruptcy Court.

## IX.  Effect of Plan Confirmation and Effective Date

**9.01.  Binding Effect**

From and after the Effective Date, the Plan will be binding upon and inure to the benefit of the Debtor, all former, present and future Holders of Claims and Interests, and their respective successors and assigns, and all other parties in interest in the Bankruptcy Case.  Confirmation of the Plan binds each Holder of a Claim or an Interest to the terms and conditions of the Plan, whether or not such Holder has accepted the Plan.

**9.02.  Vesting of Assets**

Except as otherwise provided in this Plan and the Confirmation Order, all property and Assets of the Debtor will vest in the Debtor, as reorganized under and in accordance with the terms of the Plan, free and clear of all Claims, Interests, Liens, encumbrances, charges and other interests.  To the extent any unrecorded Liens against or ownership interests (including, without limitation, tenancy in common interests) in any such Assets exist or are asserted by third parties, such Liens and interests will be voided and transferred to the Debtor as of the Effective Date. Commencing on the Effective Date, the Debtor may deal with the Assets and its property and conduct its business without any supervision by, or permission from, the Bankruptcy Court or the Office of the United States Trustee, and free of any restriction imposed on the Debtor by the Bankruptcy Code or by the Bankruptcy Court during the Bankruptcy Case, other than any restrictions contained in the Plan, the Confirmation Order, and related documents.

**9.03.  Assertion of Causes of Action, Defenses and Counterclaims**

Except as set forth in the Plan or the Confirmation Order, effective as of the Effective Date without further action by any party, all Causes of Action, and all defenses, counterclaims, setoffs and rights related thereto, will be and will be deemed to be retained by the Debtor, as reorganized under the terms of the Plan.  From and after the Effective Date, the Debtor will have the exclusive right to prosecute, settle, or compromise any Cause of Action retained by it under the Plan.  The Debtor will retain and may prosecute and enforce all other defenses, counterclaims, and rights that it has asserted or could assert against or with respect to all Claims asserted against the Debtor or property of its Estate.  No claim, right, Cause of Action, or other Asset will be deemed waived or otherwise forfeited by virtue of the Debtor's failure to identify such property in the Schedules or the Disclosure Statement unless otherwise ordered by the Bankruptcy Court.  A description of the Causes of Action or potential Causes of Action is contained in Section VII.B of the Disclosure Statement.

15

Except as provided in the Plan, nothing contained in the Plan or the Confirmation Order will be deemed to be a waiver or the relinquishment of any rights or Causes of Action that the Debtor may have under any provision of the Bankruptcy Code or any applicable non-bankruptcy law, including, without limitation, (i) any and all Claims against any Person or Entity, to the extent such Person or Entity asserts a cross-claim, counterclaim, and/or Claim for setoff that seeks affirmative relief against the Debtor or its Assets, officers, directors, or representatives and (ii) the turnover of any property of the Debtor's Estate.

Nothing contained in the Plan or the Confirmation Order will be deemed to be a waiver or relinquishment of any claim, Cause of Action, right of setoff, or other legal or equitable defense that the Debtor had immediately prior to the Petition Date, against or with respect to any Claim left unimpaired by the Plan. The Debtor will have, retain, reserve, and be entitled to assert all such claims, Causes of Action, rights of setoff, and other legal or equitable defenses that the Debtor had immediately prior to the Petition Date fully as if the Bankruptcy Case had not been commenced, and all of the Debtor's legal and equitable rights respecting any Claim left unimpaired by the Plan may be asserted after the Confirmation Date by the Debtor to the same extent as if the Bankruptcy Case had not been commenced.

### 9.04. Discharge of Debtor

Except as provided in the Bankruptcy Code, the Plan or the Confirmation Order, all consideration distributed under the Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against and Interests in the Debtor of any nature whatsoever, whether known or unknown, or against the Assets of the Debtor that arose before the Effective Date. Except as provided in the Bankruptcy Code, the Plan or the Confirmation Order, upon the Effective Date, entry of the Confirmation Order acts as a discharge and release under Bankruptcy Code § 1141(d)(1)(A) of all Claims against and Interests in the Debtor and its Assets, arising at any time before the Effective Date, regardless of whether a proof of Claim or Interest was filed, whether the Claim or Interest is Allowed, or whether the Holder of the Claim or Interest votes to accept the Plan or is entitled to receive a Distribution under the Plan. Except as provided in the Plan or the Confirmation Order, upon the Effective Date, any Holder of a discharged Claim or Interest will be precluded from asserting against the Debtor or any Assets of the Debtor any other or further Claim or Interest based on any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date. Except as provided in the Plan or the Confirmation Order, and subject to the occurrence of the Effective Date, the Confirmation Order will be a judicial determination of discharge of all liabilities of the Debtor to the extent allowed under Bankruptcy Code § 1141, and the Debtor will not be liable for any Claims or Interests and will only have the obligations as are specifically provided for in the Plan.

### 9.05. Exculpation

*The Debtor and any of its respective present or former principals, agents, members, officers, directors, employees, advisors, professionals including but not limited to Neligan Foley LLP, representatives, successors, and assigns, will not have or incur any liability or obligation, whether liquidated or unliquidated, fixed or contingent, matured or un-matured, known or unknown, foreseen or unforeseen, and whether asserted or assertable directly or derivatively, in*

*law, equity, or otherwise, to any Holder of a Claim or Interest or any other Person for any act or omission originating or occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtor, the Estate, the administration of the Bankruptcy Case, the operation of the Debtor's business during the Bankruptcy Case, the formulation, negotiation, preparation, filing, dissemination, approval, or confirmation of the Plan, the Disclosure Statement, the solicitation of votes for or confirmation of the Plan, the consummation or administration of the Plan, or the property to be distributed under the Plan, except for their willful misconduct or gross negligence as determined by a Final Order of a court of competent jurisdiction. The foregoing parties will be entitled to rely reasonably upon the advice of counsel in all respects regarding their duties and responsibilities under the Plan.*

### 9.06. Injunction

*Except as otherwise provided in the Plan, the Confirmation Order will provide that from and after the Effective Date, all Holders of Claims against and Interests in the Debtor are permanently enjoined from taking any of the following actions against the Debtor or any of its Assets on account of any such Claim or Interest: (a) commencing or continuing in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any encumbrance or Lien; (d) asserting a setoff, subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor; and (e) commencing or continuing, in any manner or in any place, any action that does not conform to or comply with, or is inconsistent with, the provisions of the Plan; provided, however, that nothing contained herein will preclude such Persons from exercising their rights pursuant to and consistent with the terms of the Plan or the Confirmation Order. If allowed by the Bankruptcy Court, any Person injured by any willful violation of such injunction will recover actual damages, including costs and attorneys' and experts' fees and disbursements, and, in appropriate circumstances, may recover punitive damages, from the willful violator.*

### 9.07. Term of Bankruptcy Injunction or Stays

Unless otherwise provided herein or an order of the Bankruptcy Court (including without limitation the Confirmation Order), all injunctions or stays provided in the Bankruptcy Case under Bankruptcy Code § 105 or 362, or otherwise, and in existence on the Confirmation Date, will remain in full force and effect until the Effective Date. Upon the Effective Date, the injunction provided in ¶ 9.06 of the Plan will be effective.

### 9.08. Effectuating Documents; Further Transactions; Timing

The Debtor is authorized to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan. All transactions that are required to occur on the Effective Date under the terms of the Plan will be deemed to have occurred simultaneously, unless otherwise provided in the Plan.

## X. Objections to Claims and Interests; Distributions

### 10.01. Objections to Claims and Interests

After the Effective Date, the Debtor (and no other Person) may file objections to Claims and Interests (other than Claims that have been previously Allowed or that are Allowed under the Plan). The Debtor (or its designees, successors and assigns) is not obligated to object to any Claim or Interest, but will nevertheless have standing to object to any such Claim or Interest from and after the Effective Date, if it so elects.

### 10.02. Objection Deadline

Except as set forth in ¶¶ 2.01(a) and 2.01(b) of the Plan with respect to Administrative Claims and Fee Claims, any objections to Claims and Interests must be filed no later than the Objection Deadline. An objection to a Claim or Interest will be deemed properly served on the Holder thereof if service is effected by any of the following methods: (a) in accordance with Federal Rule of Civil Procedure 4, as modified and made applicable by Bankruptcy Rule 7004; (b) to the extent counsel for a Holder is unknown, by first class mail, postage prepaid, on the signatory on the proof of Claim or Interest or other representative identified on the proof of Claim or Interest or any attachment thereto; (c) by first class mail, postage prepaid, or electronic mail on any counsel that has appeared on behalf of the Holder in the Bankruptcy Case; or (d) if no proof of Claim or Interest has been filed, by first class mail, postage prepaid, on the Holder of such Claim or Interest at the address set forth in the Schedules.

### 10.03. Settlement of Objections to Claims or Interests

From and after the Effective Date, the Debtor is authorized to approve compromises of all Claims or Interests, Disputed Claims or Interests, and Liens under Bankruptcy Rule 9019(b) and to execute necessary documents, including Lien releases (subject to the written consent of the party having such Lien) and stipulations of settlement, compromise or release, without further order of the Bankruptcy Court or notice to any party.

### 10.04. No Interest on Claims

Unless otherwise specifically provided for in the Plan or the Confirmation Order, post-petition interest will not accrue or be paid on any Claim, and no Holder of a Claim will be entitled to interest accruing on or after the Petition Date. Additionally, and without limiting the foregoing, interest will not accrue or be paid on any Disputed Claim for the period from the Petition Date to the date a Distribution is made when and if such Disputed Claim becomes an Allowed Claim.

### 10.05. Setoffs by the Debtor; No Waiver

The Debtor may but will not be required to, set off against or recoup from any Claim or Interest or any payment or Distribution to be made under the Plan in respect of such Claim or Interest, any Claim or Cause of Action of any nature whatsoever that the Debtor may have to the fullest extent permitted under applicable law. Any dispute related to the setoff or recoupment rights of the Debtor will be determined by the Bankruptcy Court. Neither the failure to effect

such a setoff or recoupment nor the allowance of any Claim hereunder will constitute a waiver or release by the Debtor of any such claims or Causes of Action that it may have against such Holder or any affiliate of such Holder.

### 10.06. Procedures for Treating and Resolving Disputed and Contingent Claims

(a) **No Distributions Pending Allowance.** Notwithstanding any other provision of the Plan, the Debtor will make Distributions only to Holders of Allowed Claims and Interests. No Holder of a Disputed Claim or Interest will receive any Distribution on account thereof until and to the extent that its Disputed Claim or Interest becomes an Allowed Claim or Interest. To the extent a Claim or Interest is not a Disputed Claim or Interest but is held by a Holder that is or may be liable to the Debtor on account of a Cause of Action, no payments or Distributions will be made with respect to all or any portion of such Claim or Interest unless and until such Cause of Action has been settled, withdrawn, or determined by a Final Order or such other court having jurisdiction over the matter.

In determining the amount of a Pro Rata Distribution due to the Holders of Allowed Claims and Interests, the Debtor may, in its discretion, make the Pro Rata calculation as if all Disputed Claims or Interests were Allowed in the full amount claimed or in the amount estimated under ¶ 10.06(b) hereof. The Debtor, in its discretion, may withhold Distributions otherwise due hereunder to the Holder of a Disputed Claim or Interest until the Objection Deadline, to enable the Debtor or any other party in interest to file a timely objection thereto.

(b) **Claim Estimation.** The Debtor may request estimation or limitation of any Claim or Interest under Bankruptcy Code § 502(c) regardless of whether that Claim or Interest was previously objected to or whether the Bankruptcy Court has ruled on any such objection; *provided, however*, that the Bankruptcy Court will determine (i) whether such Claims or Interests are subject to estimation pursuant to Bankruptcy Code § 502(c) and (ii) the timing and procedures for such estimation proceedings, if any. The Bankruptcy Court will retain jurisdiction to estimate any Claim or Interest at any time during litigation concerning any objection to any Claim or Interest, including, without limitation, during the pendency of any appeal relating to any such objection. Claims or Interests may be estimated and subsequently compromised, settled, withdrawn, or resolved by any mechanism approved by the Plan or the Bankruptcy Court.

(c) **Distributions After Allowance of Disputed Claim or Interest.** Distributions to each Holder of a Disputed Claim or Interest, to the extent it becomes an Allowed Claim or Interest, will be made in accordance with the provisions of the Plan that govern Distributions to such Holders of Claims or Interests in the applicable Class. Unless otherwise provided in the Plan, as promptly as practicable after the date on which a Disputed Claim or Interest becomes an Allowed Claim or Interest, and in any event not later than ten (10) Business Days after the Disputed Claim or Interest becomes an Allowed Claim or Interest, the Debtor will distribute to the Holder thereof from the applicable Distribution Reserve Account, if any, any Distribution that would have been made to such Holder had its Claim or Interest been an Allowed Claim or Interest on the date that Distributions were previously made to Holders of Allowed Claims or Interests in the applicable Class, without interest (except as otherwise provided by the Plan) and net of any setoff and/or any required withholding of applicable taxes.

After all Disputed Claims and Interests have been resolved by a Final Order or other final resolution, any remaining Cash in a relevant Distribution Reserve Account will be distributed in accordance with the other provisions of the Plan.

(d)  **Allowance of Claims Subject to Bankruptcy Code § 502(d).**  Allowance of Claims will in all respects be subject to the provisions of Bankruptcy Code § 502(d), except as provided by a Final Order or a settlement among the relevant parties.

### 10.07. Distributions Under the Plan

(a)  **Means of Cash Payment.**  Except as otherwise provided in the Plan, Cash payments made under the Plan will be in U.S. dollars and may be made, at the option of and in the sole discretion of the Debtor, by checks drawn on or wire transfers from a domestic bank; provided, that in the case of foreign Holders of Allowed Claims or Interests, Cash payments may be made, at the option of and in the sole discretion of the Debtor, in such currency and by such means as are necessary or customary in a particular jurisdiction.

(b)  **Delivery of Distributions.**  All Distributions to any Holder of an Allowed Claim or Interest will be made at the address of each such Holder as set forth on the proof of Claim or Interest filed by such Holder (or at the last address of such Holder known to the Debtor if no proof of Claim or Interest is filed or if the Debtor has been notified in writing of a change of address). If any Holder's Distribution is returned as undeliverable, no further Distributions to such Holder will be made unless and until the Debtor is notified in writing of such Holder's then current address, at which time all missed Distributions will be made to such Holder without interest. Any Holder of an Allowed Claim whose Distribution is undeliverable must make demand for such Distribution to the Debtor in writing on or before 120 days after the date such undeliverable Distribution was initially made, after which the Distribution will be retained by the Debtor for Distribution to other Holders of Claims and Interests under the terms of the Plan, and any claim by such intended recipient with respect to such undeliverable Distribution will be discharged and forever barred. The Debtor may employ or contract with other Persons to assist in or make the Distributions required under the Plan. **The Debtor and its agents and professionals are under no duty to take any action to either attempt to locate any Holder of a Claim or Interest, or obtain an executed Internal Revenue Service Form W-9 from any Holder of a Claim or Interest.**

(c)  **Fractional Dollars; De Minimis Distributions.**  Notwithstanding any other provision of the Plan, payments of fractions of dollars will not be made. Whenever any payment of a fraction of a dollar under the Plan would otherwise be called for, the actual payment made will reflect a rounding of the fraction to the nearest whole dollar (up or down), with half dollars being rounded down. No payment of less than ten dollars ($10.00) will be made with respect to any Allowed Claim, and the Debtor will retain any such payment and will deposit same into a pool for redistribution to other Holders of Allowed Claims in the same Class.

(d)  **Unclaimed Property.**  Any Distributions that become Unclaimed Property will be retained by the Debtor free and clear of any claims or restrictions thereon, and any entitlement of any Holder of any Claim or Interest to such Distributions will be extinguished

and forever barred. The Debtor will distribute Unclaimed Property to other Holders of Claims and Interests under the terms of the Plan.

### 10.08. Duty to Disgorge Overpayments

To the extent the Holder of any Allowed Claim or Interest receives more than what such Holder is permitted to receive under the Plan, such Holder will immediately return such excess payment(s) to the Debtor, failing which, the Debtor may sue such Holder for the return of the overpayment in the Bankruptcy Court or any other court of competent jurisdiction.

## XI. Acceptance or Rejection of the Plan

### 11.01. Impaired Classes Entitled to Vote

Each impaired Class entitled to vote to accept or reject the Plan will vote separately. A Holder of a Claim or Interest as to which an objection has been filed and that has not been temporarily allowed for purposes of voting on the Plan may not vote. A Holder of a contingent or unliquidated Claim or Interest may vote on the Plan in an amount based on the portion, if any, of the Claim or Interest shown as non-contingent, liquidated and undisputed in the Schedules, or equal to $1.00 if not so shown.

### 11.02. Acceptance by an Impaired Class

A Class of Claims that is entitled to vote to accept or reject the Plan will have accepted the Plan if it is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims in such Class that have voted on the Plan. A Class of Interests that is entitled to vote to accept or reject the Plan will have accepted the Plan if it is accepted by the Holders of at least two-thirds (2/3) in amount of the Allowed Interests in such Class that have voted on the Plan. Any Ballot that is not properly completed and timely received by the Balloting Deadline will not be counted.

### 11.03. Section 1129(b) Cramdown

If any impaired Class of Claims or Interests fails to accept the Plan in accordance with Bankruptcy Code § 1129(a), the Debtor will seek confirmation of the Plan by the Bankruptcy Court under the "cramdown" provisions in Bankruptcy Code § 1129(b). The Debtor asserts that the Plan provides for fair and equitable treatment of all Classes of Claims and Interests. The Debtor reserves the right to amend the Plan as may be necessary to obtain confirmation of the Plan under Bankruptcy Code § 1129(b).

## XII. Retention of Jurisdiction

### 12.01. Jurisdiction

Until the Bankruptcy Case is closed, the Bankruptcy Court will retain the fullest and most extensive jurisdiction as is legally permissible under applicable law, including under Bankruptcy Code §§ 105(a) and 1142, including that which is necessary to ensure that the purpose and intent of the Plan are carried out and to hear and determine all objections thereto that could have been

brought before the entry of the Confirmation Order. The Bankruptcy Court will retain jurisdiction to hear and determine all Claims against and Interests in the Debtor and to enforce all Causes of Action and any related counterclaims, cross-claims, and/or third-party claims over which the Bankruptcy Court otherwise has jurisdiction. Nothing contained in the Plan will prevent the Debtor from taking any action as may be necessary to enforce any Cause of Action that may exist on behalf of the Debtor and that may not have been enforced or prosecuted by the Debtor.

### 12.02. Examination of Claims

Following the Confirmation Date, the Bankruptcy Court will retain jurisdiction to decide disputes concerning the classification and allowance of any Claim or Interest and the reexamination of Claims and Interests that have been allowed for the purposes of voting, and the determination of any objections as may be filed to Claims and Interests. The failure by the Debtor to object to, or to examine, any Claim or Interest for the purposes of voting will not be deemed a waiver of its right to object to, or to re-examine, the Claim or Interest in whole or in part.

### 12.03. Determination of Disputes

The Bankruptcy Court will retain jurisdiction after the Confirmation Date to determine (a) all questions and disputes regarding title to the Assets, (b) disputes concerning the allowance of Claims and Interests, (c) all Causes of Action, controversies, disputes, or conflicts, whether or not subject to any pending action, as of the Confirmation Date, to recover property pursuant to the provisions of the Bankruptcy Code, and (d) all disputes and controversies regarding the operation, implementation, and interpretation of the Plan, the Confirmation Order, and any agreements that are identified or implement the Plan or the Confirmation Order.

### 12.04. Additional Purposes

Under Bankruptcy Code §§ 105(a) and 1142, and notwithstanding entry of the Confirmation Order, occurrence of the Effective Date and/or substantial consummation of the Plan, the Bankruptcy Court will retain exclusive jurisdiction over all matters arising out of or related to the Bankruptcy Case and the Plan to the fullest extent permitted by applicable law, including but not limited to jurisdiction to:

(a) hear and determine any modification of the Plan under Bankruptcy Code § 1127, to cure any defect or omission or reconcile any inconsistency in the Plan or any order of the Bankruptcy Court, including the Confirmation Order, in such a manner as may be necessary or appropriate to carry out the purposes and effects thereof;

(b) hear and determine disputes, issue injunctions, enter and implement other orders and take such other actions as may be necessary or appropriate to execute, interpret, implement, consummate, or enforce the terms and conditions of the Plan and the transactions contemplated thereunder, the Confirmation Order, the Disclosure Statement, or any other order of the Bankruptcy Court, or to maintain the integrity of the Plan following confirmation;

(c) hear and determine any and all adversary proceedings, motions, applications, and contested or litigated matters arising out of or related to the Bankruptcy Case or the Plan;

(d) enforce all orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings entered or approved in the Bankruptcy Case;

(e) hear and determine all disputes involving the existence, nature, or scope of the discharge, injunctions, releases, exculpations, and indemnifications granted under the Plan or the Confirmation Order;

(f) hear and determine disputes arising in connection with the execution, interpretation, implementation, consummation, or enforcement of the Plan, the Confirmation Order, any transactions, performance or payments provided for or contemplated in the Plan or the Confirmation Order, or any agreement, instrument or other document governing or relating to any of the foregoing;

(g) construe and apply any findings of fact and/or conclusions of law made in or in connection with the Confirmation Order;

(h) adjudicate matters arising in the Bankruptcy Case, including matters relating to the formulation and consummation of the Plan;

(i) enter any orders, including injunctions, as are necessary to enforce title, rights, and powers of the Debtor to impose any limitations, restrictions, terms and conditions on such title, rights, and powers as the Bankruptcy Court may deem necessary;

(j) hear and determine all questions and disputes regarding title to or recovery of the Assets and property of the Debtor;

(k) enter a Final Decree closing the Bankruptcy Case;

(l) correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan and the Confirmation Order including the adjustment of the date(s) of performance under the Plan and any other documents related thereto if the Effective Date does not occur as provided herein, so that the intended effect of the Plan and such other documents may be substantially realized thereby;

(m) enter, implement or enforce such orders as may be appropriate if the Confirmation Order is for any reason stayed, reversed, revoked, modified, or vacated;

(n) hear and determine all applications for compensation and reimbursement of expenses of Professionals or any other Person under the Plan or under Bankruptcy Code §§ 330, 331, 503(b), 1103 and 1129(a)(4); *provided, however,* that from and after the Effective Date, the payment of fees and expenses of professionals retained by the Debtor will be made in the Ordinary Course of Business and will not be subject to approval of the Bankruptcy Court;

(o) hear and determine issues concerning federal tax reporting and withholding that arise in connection with the confirmation or consummation of the Plan;

(p) hear and determine issues concerning state, local and federal taxes in accordance with Bankruptcy Code §§ 346, 505 and 1146;

(q) hear and determine all matters regarding the assumption or rejection of Executory Contracts, including any disputes concerning Rejection Claims or Cure Amounts;

(r) hear and determine any objection to any Claim (including any Administrative Claim) or any Interest, including the allowance, classification, priority, secured status, compromise, estimation, subordination, or payment thereof;

(s) allow, disallow, determine, liquidate, classify, estimate or establish the priority, secured, unsecured, or subordinated status of any Claim (including any Administrative Claim) or any Interest and to re-examine Claims or Interests that have been allowed for purposes of voting;

(t) hear and determine any Cause of Action and any collection or settlement matters related thereto;

(u) hear and determine any disputes or litigation regarding the validity, priority, or extent of any Lien and any Claim associated therewith; and

(v) hear and to determine any other matter related hereto and not inconsistent with the Plan, the Confirmation Order, the Bankruptcy Code, or Title 28 of the United States Code.

### 12.05. Failure of the Bankruptcy Court to Exercise Jurisdiction

If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under, or related to the Bankruptcy Case, including the matters set forth in Article XII of this Plan, the provisions of this Article XII will have no effect upon and will not control, prohibit, or limit the exercise of jurisdiction by any other court having jurisdiction with respect to such matter.

### XIII. Miscellaneous Provisions

### 13.01. General Notices

Any notice, request, or demand required or permitted to be given in connection with the Plan will be (a) in writing, (b) served to the parties and addresses set forth below by certified mail, return receipt requested, hand delivery, overnight delivery, first class mail, or fax transmission, and (c) deemed to have been given or made when actually delivered or received:

-to the Debtor:

Steven Young
3824 Cedar Springs Road, #357
Dallas, TX 75219
Fax: 214-550-6963

--with a copy to counsel for the Debtor:

Patrick J. Neligan, Jr.
Seymour Roberts, Jr.
Neligan Foley LLP
325 N. St. Paul, Suite 3600
Dallas, TX 75201
Fax: 214-840-5301

### 13.02. Exemption From Transfer Taxes

Under Bankruptcy Code § 1146(a), the issuance, transfer, or exchange of securities or other property under the Plan; the creation, transfer, filing, or recording of any mortgage, deed of trust, financing statement, or other security interest; or the making, delivery, filing, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, will not be subject to any stamp tax, real estate tax, conveyance, filing, or transfer fees, mortgage, recording, or other similar tax or other government assessment. The Confirmation Order will direct all appropriate governmental officials or agents to forgo the collection of any such tax or assessment and to accept such documents delivered under the Plan without the imposition or payment of any charge, fee, governmental assessment, or tax.

### 13.03. Asserting and Curing Defaults Under the Plan

Except as otherwise provided in the Plan, if the Debtor defaults under the provisions of the Plan (as opposed to default under the documentation executed in implementing the terms of the Plan), any Creditor or party in interest desiring to assert a default will provide the Debtor and its counsel with written notice of the alleged default. The Debtor will have thirty (30) days from receipt of written notice to cure the alleged default. If the default is not cured, any Creditor or party in interest may then file with the Bankruptcy Court, and serve on the Debtor and its counsel, a motion to compel compliance with the applicable provision of the Plan. The Bankruptcy Court, on finding a material default, will issue orders compelling compliance with the pertinent provisions of the Plan.

### 13.04. Revocation or Withdrawal of the Plan

The Debtor reserves the right to revoke and/or withdraw the Plan at any time before the Confirmation Date. If the Debtor revokes or withdraws this Plan, or if confirmation or the Effective Date of the Plan does not occur, then the Plan will be deemed null and void. In such event, nothing contained herein will be deemed to constitute a waiver or release of any Claims

by or against the Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any other Person in any further proceedings involving the Debtor or any other Person.

### 13.05. Modification of the Plan

The Debtor reserves the right to modify the Plan in writing at any time before the Confirmation Date, provided that (a) the Plan, as modified, meets the requirements of Bankruptcy Code §§ 1122 and 1123 and (b) the Debtor will have complied with Bankruptcy Code § 1125. The Debtor further reserves the right to modify the Plan in writing at any time after the Confirmation Date and before substantial consummation of the Plan, provided that (a) the Plan, as modified, meets the requirements of Bankruptcy Code §§ 1122 and 1123, (b) the Debtor will have complied with Bankruptcy Code § 1125, and (c) the Bankruptcy Court, after notice and a hearing, confirms the Plan as modified, under Bankruptcy Code § 1129. A Holder of a Claim or Interest that has accepted or rejected the Plan will be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time fixed by the Bankruptcy Court, such Holder changes its previous acceptance or rejection.

### 13.06. Computation of Time

In computing any period of time prescribed or allowed by the Plan, unless otherwise set forth herein, the provisions of Bankruptcy Rule 9006(a) will apply.

### 13.07. Due Authorization

Each and every Holder of an Allowed Claim or Interest that receives a Distribution under the Plan warrants that it is authorized to accept, in consideration of such Claim or Interest, the Distributions provided for in the Plan and that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under the Plan.

### 13.08. Implementation

The Debtor may execute such documents, take such other actions, and perform all acts necessary or appropriate to implement the terms and conditions of the Plan without the need for further Bankruptcy Court approval.

### 13.09. Execution of Documents

Upon application by the Debtor, the Bankruptcy Court may issue an order directing any necessary party to execute or deliver, or to join in the execution or delivery of, any instrument or document, and to perform any act, necessary for the consummation or implementation of the Plan.

### 13.10. Bankruptcy Restrictions

From and after the Effective Date, the Debtor will no longer be subject to the restrictions and controls provided by the Bankruptcy Code (e.g., §§ 363 or 364) except as the Bankruptcy Code may specifically provide otherwise. No monthly operating reports will be filed after the

Effective Date; however, the Debtor will provide the U.S. Trustee such financial reports as may be required by law.

### 13.11. Ratification

The Confirmation Order will ratify all transactions effected by the Debtor during the pendency of the Bankruptcy Case.

### 13.12. Integration Clause

This Plan is a complete and integrated statement of the binding agreement among the Debtor, the Holders of Claims and Interests, and other parties in interest upon the matters herein. Parol evidence will not be admissible in an action regarding the Plan or its provisions.

### 13.13. Interpretation

Unless otherwise specified, all paragraph, Article and exhibit references in the Plan are to the respective paragraph in, Article of or exhibit to the Plan, as the same may be amended, waived, or modified from time to time. The headings of the Articles, and paragraphs, of the Plan and table of contents in the Plan are inserted for convenience of reference only and will not limit or otherwise affect the provisions of the Plan or its interpretation. Nothing herein will be deemed as a judicial admission by the Debtor. Likewise, any defined terms in the Plan not defined will have the same meaning as that term has under the Bankruptcy Code.

### 13.14. Severability of Plan Provisions

If any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable before the Confirmation Date, the Bankruptcy Court, upon the request of the Debtor, will have the power to alter or interpret the Plan to make such term or provision valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and the term or provision will then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by the holding, alteration, or interpretation, provided that the Debtor consents. The Confirmation Order will constitute a judicial determination and will provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable under its terms.

### 13.15. Governing Law

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules), (a) the laws of the State of Texas will govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan unless otherwise specified therein, and (b) the laws of the state of incorporation, formation, or organization of the Debtor will govern corporate or other governance matters with respect to the Debtor, in either case without giving effect to the principles of conflicts of law thereto.

**CRAFT INTERNATIONAL, LLC**

By:   */s/ Steven Young*
          Steven Young
          Manager and Chief Executive Officer

REMAINDER OF THIS PAGE INTENTIONALLY BLANK

79090v.4