# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| CRAFT INTERNATIONAL, LLC | § § | CASE NO. |
| DEBTOR. | § § | |

**ORDER APPROVING: (1) DISCLOSURE STATEMENT WITH RESPECT TO PLAN OF REORGANIZATION, (2) PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, AND (3) RELATED NOTICE AND OBJECTION PROCEDURES**

Upon (1) the Motion [D.E. ___]¹ of the Debtor for an order, among other things, approving the Disclosure Statement with respect to the Plan, and (2) the record established at the hearing on the Motion and the Disclosure Statement held on _____, 2014 (the "Disclosure Statement Hearing"),

**IT IS HEREBY FOUND THAT:**

---

¹ All of the capitalized terms used in this Order will have the meanings ascribed to them in the Motion, the Disclosure Statement [D.E.__] and the Plan [D.E. __], unless otherwise indicated.

A. The Court has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334. Consideration of the Motion and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case is proper before this Court in this district under 28 U.S.C. §§ 1408 and 1409.

B. Notice of the Disclosure Statement Hearing was sufficient under the circumstances.

C. The time between the Solicitation Date (as defined below) and the time for filing objections to confirmation of the Plan is a reasonable and adequate amount of time for creditors and equity interest holders to prepare and file with the Court objections to the Plan.

D. The relief granted herein is in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

E. The Disclosure Statement contains "adequate information" within the meaning of § 1125.

F. The form of notice of non-voting status substantially in the form attached as Exhibit A (the "Notice of Non-Voting Status") complies with Bankruptcy Rule 3017 and adequately addresses the particular needs of this chapter 11 case.

G. The form of the ballot substantially in the form attached as Exhibit B (the "Ballot") is substantially consistent with Official Form No. 14 and is appropriate for the class of claims or interests entitled to vote to accept or reject the Plan.

H. The form of notice of the confirmation hearing substantially in the form attached as Exhibit C (the "Confirmation Hearing Notice"), the procedures set forth below for providing

notice to all creditors and interest holders of the time, date and place of the Confirmation Hearing (as defined below), and the contents of the Solicitation Packages (as defined below) comply with Bankruptcy Rules 2002 and 3017 and will provide sufficient notice to all interested parties of the Confirmation Hearing and the time for filing objections to and submitting ballots on the Plan.

I. The Ballots require the furnishing of sufficient information to assure that duplicate Ballots are not submitted and tabulated.

J. Neither the furnishing of a Ballot by the Debtor nor the approval of a Ballot by this Court for solicitation and voting purposes binds any party as to whether or not such party is entitled to vote for the Plan.

K. The period set forth below during which the Debtor may solicit acceptances of the Plan is a reasonable and adequate period of time for holders of claims to make an informed decision to accept or reject the Plan.

L. The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth below) provide for a fair and equitable voting process and are consistent with § 1126 and Bankruptcy Rule 3017.

M. The proposed date for the Confirmation Hearing complies with the Bankruptcy Code and the Bankruptcy Rules, and will enable the Debtor to pursue confirmation of the Plan in a timely fashion.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Disclosure Statement is approved.

3. The "Voting Record Date" will be the date of the entry of this Order for the purposes of this Order and for determining: (a) the holders of claims and equity interests who are entitled to accept or reject the Plan; and (b) in the case of non-voting classes, the creditors and equity interest holders who are to receive certain non-voting materials.

4. Neligan Foley LLP is authorized to act as the "Balloting Agent."

5. The Balloting Agent is directed to distribute or cause to be distributed by _____, 2014 (the "Solicitation Date") Solicitation Packages to all holders of claims in Class 1 (the "Voting Class") in the Plan. The Balloting Agent will include in such solicitation: (a) all persons or entities identified in the Debtor's schedules of assets and liabilities filed under § 521 and Bankruptcy Rule 1007 (as amended, the "Schedules") as holding liquidated, non-contingent and undisputed claims, in an amount greater than zero, excluding scheduled claims that have been paid in full, superseded by filed proofs of claim or are the subject of Court-approved settlements; (b) all parties having timely filed proofs of claim, as reflected in the official claims register, in an amount greater than zero or that are wholly contingent, unliquidated or disputed and, as to both of the foregoing, whose claims have not been disallowed or expunged prior to the Solicitation Date; (c) the assignee of a transferred and assigned claim (whether a filed or scheduled claim) whose transfer and assignment has been properly noted on the Court's docket and is effective under Bankruptcy Rule 3001(e) as of the close of business on the date of the entry of this Order and whose claims have not been disallowed or expunged prior to the Solicitation Date; and (d) any other known holders of claims against the Debtor as of the date of the entry of this Order.

6. The "Solicitation Packages" will contain copies of: (a) this Order; (b) the Confirmation Hearing Notice; (c) appropriate form(s) of Ballot(s) and a return envelope; (d) the Disclosure Statement, including the Plan as an exhibit; and (e) correspondence from the Debtor (at its election).

7. The form of Notice of Non-Voting Status is approved and the Balloting Agent is directed to send such notice to all classes that are not Voting Classes on or before the Solicitation Date.

8. The forms of the Ballot is approved and the Balloting Agent is directed to enclose the appropriate Ballot to each party in a Voting Class. To be counted, each Ballot must be received by the Balloting Agent in accordance with the voting procedures detailed below.

9. The Confirmation Hearing Notice is approved and the Balloting Agent is directed to enclose a copy in each Solicitation Package.

10. With respect to addresses from which notices of the hearing to approve the Disclosure Statement were returned as undeliverable by the United States Postal Service or an overnight courier, the Balloting Agent is excused from distributing Solicitation Packages, Confirmation Hearing Notices, Notices of Non-Voting Status, or other notices or balloting material to those entities listed at such addresses unless the Balloting Agent is provided with accurate addresses for such entities at least one business day before the Solicitation Date. Failure to distribute Solicitation Packages, Confirmation Hearing Notices, Notices of Non-Voting Status, or other notices or balloting material to such entities will not constitute inadequate notice of the

Confirmation Hearing, the Balloting Deadline (as defined below) or a violation of Bankruptcy Rule 3017(d).

11. The Balloting Agent is not required to distribute Solicitation Packages, Ballots, copies of the Disclosure Statement or the Plan, or any other notices to: (a) parties to executory contracts who do not hold either allowed (for voting or otherwise) claims or filed or scheduled claims listed as contingent, unliquidated or disputed; or (b) holders of claims that have not been classified in the Plan under § 1123(a)(1).

12. Except as otherwise provided herein, to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed and the original thereof delivered or sent via facsimile to the Balloting Agent so as to be actually received by the Balloting Agent no later than _____, 2014 at 5:00 p.m. Central Time (the "Balloting Deadline").

13. The Debtor may extend the Balloting Deadline, if necessary, without further order of this Court, by serving such notice on the Balloting Agent.

14. Solely for purposes of voting to accept or reject the Plan, but not for the purposes of allowance or distribution on account of a claim or interest, and without prejudice to the rights of any party in any other context, each claim within a class of claims entitled to vote to accept or reject the Plan will be entitled to vote the amount of such claim as set forth in the Schedules (as may be amended from time to time) unless such holder has timely filed a proof of claim, in which event such holder will be entitled to vote the amount of such claim as set forth in such proof of claim; provided that:

    a. If a claim is deemed "Allowed" under the Plan or an order of the Court, such claim will be allowed for voting purposes in the deemed "Allowed"

                amount set forth in the Plan or the Court's order (and in the case of allowance by the Court, allowed for purposes of the Plan);

    b.    If a claim for which a proof of claim has been timely filed is wholly contingent, unliquidated or disputed, such claim will be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such claim will be marked as voting at $1.00;

    c.    If a claim is partially liquidated and partially unliquidated, the claim will be allowed for voting purposes only in the liquidated amount;

    d.    If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim will be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

    e.    If a claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Balloting Deadline, then such Claim will be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c);

    f.    If any party has filed an objection to a claim before the Solicitation Date, then such claim will be temporarily disallowed for voting purposes only to the extent and in the manner as may be set forth in such objection and not for purposes of allowance or distribution; and

    g.    Notwithstanding anything to the contrary contained herein, any creditor who has filed, purchased or otherwise holds duplicate claims that are classified under the Plan in the same class will be provided with only one Solicitation Package and one Ballot for voting on the Plan a single claim in such Class, regardless of whether any party has objected to such duplicate claims.

15.    If any party seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, such party must electronically file with the Court on or before _____, 2014 5:00 p.m. Central Time a motion for entry of an order under

Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan (to the extent that it is eligible to vote on the Plan).

16. As to any party filing a motion under Bankruptcy Rule 3018(a), such party's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing.

17. If a party casts more than one Ballot voting the same claim(s) before the Balloting Deadline, the last Ballot received before the Balloting Deadline will be deemed to reflect the voter's intent and, thus, to supersede any prior Ballots.

18. Parties with multiple claims within a particular class under the Plan must vote all of their claims within such class either to accept or reject the Plan and may not split their votes, and thus neither (a) any Ballot that partially rejects and partially accepts the Plan nor (b) any Ballot filed by a party with multiple claims within a class who votes inconsistently on the Plan, will be counted with respect to the Plan.

19. Without further order of this Court:

    a. A Ballot will be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the Bankruptcy Code;

    b. Any executed Ballot that does not indicate either an acceptance or a rejection of the Plan provided for in the Ballot will be deemed to accept the Plan;

    c. Any executed Ballot that indicates both acceptance and rejection of the Plan provided for in such Ballot will not be counted;

    d. Ballots may be transmitted by facsimile, messenger, United States Postal Service, or overnight courier. Any Ballot received by electronic mail will not be counted;

  e. Any Ballot actually received by the Balloting Agent after the Balloting Deadline will not be counted, unless an extension of the Balloting Deadline with respect to such Ballot was granted as provided in paragraph 14 hereof or by the Court;

  f. Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

  g. Any Ballot cast by a person or entity that does not hold a claim or interest in a class that is entitled to vote to accept or reject a Plan will not be counted;

  h. Any unsigned Ballot will not be counted;

  i. Any Ballot sent to any party other than the Balloting Agent will not be counted; and

  j. Any Ballot cast for a claim that has been disallowed (for voting purposes or otherwise) or satisfied will not be counted.

20. Except as provided herein, none of the Debtor, the Balloting Agent or any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor shall the Debtor, the Balloting Agent or any other person or entity incur any liability for failure to provide such notification, other than for violation of this Order.

21. The Balloting Agent may disregard any Ballot that does not comply with the provisions of this Order with no further notice to any other person or entity, other than identifying each such Ballot in the Balloting Agent Report (defined below).

22. The Debtor shall file the Plan Supplement and all exhibits to the Plan with the Court no later than _____, 2014, which date is five (5) business days before the deadline to file objections to the Plan.

23. The hearing to confirm the Plan (the "Confirmation Hearing") will commence on _____, 2014 at \_\_:\_\_ \_.m. Central Time, *provided, however*, that the Confirmation Hearing may be adjourned from time to time by the Court without further notice to parties other than an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

24. Objections to confirmation of the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (d) state with particularity the basis and nature of any objection to the Plan; and (e) be filed with the Court and served on counsel for the Debtor no later than _____, 2014 at 5:00 p.m. Central Time.

25. Objections to confirmation of the Plan not timely filed and served in the manner set forth above may not be considered and may be overruled solely on the basis of being untimely.

26. No later than _____, 2014, which date is one day before the Confirmation Hearing, the Balloting Agent will file a report that summarizes the vote tabulation for the Plan and includes as exhibits to such report all Ballots received for the Plan (whether counted, accepted, rejected, superseded, or otherwise) (the "Balloting Agent Report").

27. The Debtor may file a response to any objection to the Plan, or a brief in support of confirmation of the Plan, no later than _____, 2014, which date is three days before the Confirmation Hearing.

28. The Balloting Agent and the Debtor are authorized to take any action and expend such funds as necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

29. The Balloting Agent and the Debtor are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, the Confirmation Hearing Notice, any other notice related to the Plan or Disclosure Statement and all exhibits and appendices to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution; provided, however, that any non-substantive change made in reliance upon this paragraph with respect to the Ballots, the Confirmation Hearing Notice or any other notice related to the Plan or Disclosure Statement must be consented to by each of the Debtor and the Balloting Agent.

# # # END OF ORDER # # #