**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **CRAFT INTERNATIONAL, LLC** | § | **CASE NO. 14-32605-BJH-11** |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| **TAYA KYLE** | § | |
| | § | |
| | § | **ADVERSARY NO. _____** |
| Plaintiff, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CRAFT INTERNATIONAL, LLC** | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION**
**FOR TEMPORARY AND PERMANENT INJUNCTIONS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Taya Kyle ("Taya" or "Plaintiff") files this Original Complaint and Application for Temporary and Permanent Injunctions against Craft International, LLC ("Craft" or "Defendant") and, in support thereof, would respectfully show unto the Court as follows:

**I.  JURISDICTION & VENUE**

1.     The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1332 and 1334.

2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.  PARTIES**

3.     Plaintiff, Taya Kyle, is an individual residing in the State of Texas.  She can be served through her counsel of record in this adversary proceeding.

4.      Defendant, Craft International, LLC is a Texas limited liability company organized under the laws of the State of Texas.  Craft may be served with process through its counsel of record in the underlying bankruptcy case, Neligan Foley LLP at 325 N. St. Paul, Suite 3600, Dallas, Texas 75201.  Craft may also be served by serving Christopher E. Kirkpatrick, Craft's registered agent, at 2101 Cedar Springs Road, Suite 1400, Dallas, Texas  75201, or whatever else he may be found.

### III.  FACTUAL BACKGROUND

5.      Craft was co-founded in 2009 by Chris Kyle ("Chris"), USN (SEAL), one of the top snipers in the history of the American Armed Forces.  Chris' reputation as one of the deadliest snipers in the history of the American Armed Forces is well-documented and commonly accepted.  Craft routinely capitalizes on Chris' reputation, including his New York Times bestseller, <u>American Sniper</u>, has pictures of Chris prominently displayed on its website, and routinely advertises that Chris was a co-founder of Craft.

6.      On February 2, 2013, Chris was shot and killed at a shooting range.  On May 9, 2013, the Ellis County Court at Law No. One entered an Order Admitting Will to Probate and Authorizing Letters Testamentary, which appointed Chris' wife, Taya Kyle, independent executrix of the estate of Christopher Kyle.

7.      Upon information and belief, after Chris' death in February of 2013, Craft used Chris Kyle's name, likeness and image to market and sale both merchandise and services.  Further, upon information and belief, Craft continues to use Chris' name likeness and image without the written consent of Plaintiff to market and sale both merchandise and services.

---

## IV.  CAUSES OF ACTION

### Count One
### (Use of a Deceased Individual's Name, Voice, Signature, Photograph or Likeness)
### Texas Property Code § 26.011 and 26.013

8.      Plaintiff incorporates each of the foregoing paragraphs by reference as if fully set forth herein verbatim.

9.      Plaintiff and her children own 100% of the property interest in Chris Kyle's name likeness and image and under Texas law have the right to control the use of Chris Kyle's name, likeness and image.

10.     Defendant has used, and continues to use, Chris Kyle's name, voice, signature, photograph and likeness in connection with the sale of product merchandise, or goods.

11.     Defendant has used, and continues to use, Chris Kyle's name, voice, signature, photograph and likeness for the purpose of advertising, selling, or soliciting the purchase of products, merchandise, goods or services.

12.     Plaintiff has not provided written consent to Defendant to use Chris Kyle's name, voice, signature, photograph and likeness in any way, and does not consent to such use.

13.     Plaintiff requests that this Court enter judgment in favor of Plaintiff for all damages sustained as a result of Defendant's unauthorized use.  Further, Plaintiff requests that the Court enter judgment against Defendant in the amount of any profits obtained from Defendant's unauthorized use of Chris Kyle's name likeness and image. Further, Plaintiff requests that the Court enter judgment awarding any exemplary damages that Plaintiff may be entitled to.  Finally, Plaintiffs requests that the Court award reasonable attorneys' fees and expenses and court costs incurred in recovering the damages and profits under the statue.

## V.  Temporary Injunction and Permanent Injunction

14.     Plaintiffs incorporate each of the foregoing paragraphs by reference as if fully set forth herein verbatim.

15.     Plaintiffs seek a temporary injunction and permanent injunction precluding Defendant from continuing to use Chris Kyle's name, voice, signature, photograph and likeness in any way for any purpose.  Further, Plaintiff specifically requests that the Court enter an order directing Defendant to remove all references to Chris Kyle on its website and cease using any marketing or sales materials referencing Chris Kyle.

16.     No adequate remedy at law exists and Plaintiff will suffer irreparable injury should the Court not grant the injunctions. Plaintiff is likely to succeed on the merits and a balance of the equities weighs heavily in Plaintiff's favor.  Ultimately, the ability of Taya Kyle to control the use of her property right in Chris' likeness and image is in the public's best interest.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that citation issue and process be served on Defendant and that, upon final hearing, Plaintiff have and recover judgment from and against Defendant, in an amount to be determined at trial, for reasonable and necessary attorney's fees incurred by Plaintiff in prosecuting this action, for costs and expenses of suit herein, for pre-judgment and post-judgment interest on all monetary relief sought herein at the highest rates allowed by law, for temporary and permanent injunctions as requested herein and for such other and further relief to which Plaintiff may be justly entitled.

Dated: August 25, 2014                    Respectfully submitted,

                                          /s/ Gerrit M. Pronske
                                          Gerrit M. Pronske
                                          Texas Bar No. 16351640
                                          Jason P. Kathman
                                          Texas Bar No. 24070036
                                          **PRONSKE GOOLSBY & KATHMAN, P.C.**
                                          2200 Ross Avenue, Suite 5350
                                          Dallas, Texas 75201
                                          Telephone: 214.658.6500
                                          Facsimile: 214.658.6509

                                          **COUNSEL FOR PLAINTIFFS**