# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| CRAFT INTERNATIONAL, LLC | § § | CASE NO. 14-32605-BJH-11 |
| Debtor. | § § § | |
| TAYA KYLE | § § § | ADVERSARY NO. _____ |
| Plaintiff, | § § | |
| v. | § § | |
| CRAFT INTERNATIONAL, LLC | § § | |
| Defendant. | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTIONS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Taya Kyle ("Taya" or "Plaintiff") files this Original Complaint and Application for Temporary and Permanent Injunctions against Craft International, LLC ("Craft" or "Defendant") and, in support thereof, would respectfully show unto the Court as follows:

### I. JURISDICTION & VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1332 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. PARTIES

3. Plaintiff, Taya Kyle, is an individual residing in the State of Texas. She can be served through her counsel of record in this adversary proceeding.

4. Defendant, Craft International, LLC is a Texas limited liability company organized under the laws of the State of Texas. Craft may be served with process through its counsel of record in the underlying bankruptcy case, Neligan Foley LLP at 325 N. St. Paul, Suite 3600, Dallas, Texas 75201. Craft may also be served by serving Christopher E. Kirkpatrick, Craft's registered agent, at 2101 Cedar Springs Road, Suite 1400, Dallas, Texas 75201, or whatever else he may be found.

### III. FACTUAL BACKGROUND

5. Craft was co-founded in 2009 by Chris Kyle ("Chris"), USN (SEAL), one of the top snipers in the history of the American Armed Forces. Chris' reputation as one of the deadliest snipers in the history of the American Armed Forces is well-documented and commonly accepted. Craft routinely capitalizes on Chris' reputation, including his New York Times bestseller, <u>American Sniper</u>, has pictures of Chris prominently displayed on its website, and routinely advertises that Chris was a co-founder of Craft.

6. On February 2, 2013, Chris was shot and killed at a shooting range. On May 9, 2013, the Ellis County Court at Law No. One entered an Order Admitting Will to Probate and Authorizing Letters Testamentary, which appointed Chris' wife, Taya Kyle, independent executrix of the estate of Christopher Kyle.

7. Upon information and belief, after Chris' death in February of 2013, Craft used Chris Kyle's name, likeness and image to market and sale both merchandise and services. Further, upon information and belief, Craft continues to use Chris' name likeness and image without the written consent of Plaintiff to market and sale both merchandise and services.

## IV. CAUSES OF ACTION

### Count One
### (Use of a Deceased Individual's Name, Voice, Signature, Photograph or Likeness)
### Texas Property Code § 26.011 and 26.013

8. Plaintiff incorporates each of the foregoing paragraphs by reference as if fully set forth herein verbatim.

9. Plaintiff and her children own 100% of the property interest in Chris Kyle's name likeness and image and under Texas law have the right to control the use of Chris Kyle's name, likeness and image.

10. Defendant has used, and continues to use, Chris Kyle's name, voice, signature, photograph and likeness in connection with the sale of product merchandise, or goods.

11. Defendant has used, and continues to use, Chris Kyle's name, voice, signature, photograph and likeness for the purpose of advertising, selling, or soliciting the purchase of products, merchandise, goods or services.

12. Plaintiff has not provided written consent to Defendant to use Chris Kyle's name, voice, signature, photograph and likeness in any way, and does not consent to such use.

13. Plaintiff requests that this Court enter judgment in favor of Plaintiff for all damages sustained as a result of Defendant's unauthorized use. Further, Plaintiff requests that the Court enter judgment against Defendant in the amount of any profits obtained from Defendant's unauthorized use of Chris Kyle's name likeness and image. Further, Plaintiff requests that the Court enter judgment awarding any exemplary damages that Plaintiff may be entitled to. Finally, Plaintiffs requests that the Court award reasonable attorneys' fees and expenses and court costs incurred in recovering the damages and profits under the statue.

### V. Temporary Injunction and Permanent Injunction

14. Plaintiffs incorporate each of the foregoing paragraphs by reference as if fully set forth herein verbatim.

15. Plaintiffs seek a temporary injunction and permanent injunction precluding Defendant from continuing to use Chris Kyle's name, voice, signature, photograph and likeness in any way for any purpose. Further, Plaintiff specifically requests that the Court enter an order directing Defendant to remove all references to Chris Kyle on its website and cease using any marketing or sales materials referencing Chris Kyle.

16. No adequate remedy at law exists and Plaintiff will suffer irreparable injury should the Court not grant the injunctions. Plaintiff is likely to succeed on the merits and a balance of the equities weighs heavily in Plaintiff's favor. Ultimately, the ability of Taya Kyle to control the use of her property right in Chris' likeness and image is in the public's best interest.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that citation issue and process be served on Defendant and that, upon final hearing, Plaintiff have and recover judgment from and against Defendant, in an amount to be determined at trial, for reasonable and necessary attorney's fees incurred by Plaintiff in prosecuting this action, for costs and expenses of suit herein, for pre-judgment and post-judgment interest on all monetary relief sought herein at the highest rates allowed by law, for temporary and permanent injunctions as requested herein and for such other and further relief to which Plaintiff may be justly entitled.

Dated: August 25, 2014

Respectfully submitted,

/s/ Gerrit M. Pronske
Gerrit M. Pronske
Texas Bar No. 16351640
Jason P. Kathman
Texas Bar No. 24070036
**PRONSKE GOOLSBY & KATHMAN, P.C.**
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
Telephone: 214.658.6500
Facsimile: 214.658.6509

**COUNSEL FOR PLAINTIFFS**

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Taya Kyle | DEFENDANTS<br>Craft International, LLC |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Pronske Goolsby & Kathman, P.C., 2200 Ross Ave.,<br>Suite 5350  Dallas, Texas 75201<br>Telephone: 214-658-6500 | **ATTORNEYS** (If Known)<br>Neligan Foley LLP, 325 N. St. Paul, Suite 3600<br>Dallas, Texas 75201 |
| **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor     ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Violation of Texas Property Code Chapter 26: Using a deceased name, likeness and image without permission or authority.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR Craft International, LLC | | BANKRUPTCY CASE NO. 14-32605-BJH-11 | |
| DISTRICT IN WHICH CASE IS PENDING Northern District of Texas | | DIVISION OFFICE Dallas | NAME OF JUDGE Hon. Barbara J. Houser |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) /s/ Gerrit M. Pronske | | | |
| DATE August 27, 2014 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Gerrit M. Pronske | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.