| | |
|---|---|
| Gerrit M. Pronske | Patrick J. Neligan, Jr. |
| State Bar No. 16351640 | State Bar No. 148866000 |
| Jason P. Kathman | Seymour J. Roberts, Jr. |
| State Bar No. 24070036 | State Bar No. 17019150 |
| PRONSKE GOOLSBY & KATHMAN, P.C. | NELIGAN FOLEY LLP |
| 2200 Ross Avenue, Suite 5350 | 325 N. St. Paul, Suite 3600 |
| Dallas, Texas 75201 | Dallas, Texas 75201 |
| (214) 658-6500 – Telephone | (214) 840-5300 – Telephone |
| (214) 658-6509 – Facsimile | (214) 840-5301 - Facsimile |
| Email: gpronske@pgkpc.com | Email: pneligan@neliganlaw.com |
| Email: jkathman@pgkpc.com | Email: sroberts@neliganlaw.com |

**COUNSEL FOR TAYA KYLE AND PLAINTIFFS**

**COUNSEL FOR DEBTOR**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 14-32605-BJH-11** |
| **CRAFT INTERNATIONAL, LLC** | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |

**AGREED JOINT MOTION TO APPROVE SETTLEMENT
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

TO THE HONORABLE BARBARA J. HOUSER,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Taya Kyle ("Taya"), CK and MK (the "Minor Children")(collectively with Taya, the "Plaintiffs") and Craft International, LLC (the "Debtor") hereby file this Agreed Joint Motion to Approve Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion"). In support of the Motion, the Debtor would show the Court the following:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. §157. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the Motion is Federal Rule of Bankruptcy Procedure 9019.

**AGREED JOINT MOTION TO APPROVE SETTLEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 – Page 1**

## II. BACKGROUND

2.      On May 30, 2014 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

3.      Craft International, LLC ("Craft" or "Debtor") is a Texas limited liability company that purportedly provides consulting and training services to federal, state and local customers.[1] Further, the Debtor advertises that it was founded by a mix of Special Operations Forces Operators and successful businessmen and consults with and trains our nation's Special Operators and First Responders.[2] Finally, the Debtor alleges to be a leader in integrated training and security solutions for operations in austere environment situations.[3] The Debtor owns a trademarked logo, which the Debtor uses to place on merchandise and sell to the public.

4.      On August 27, 2014, Taya filed her Original Complaint and Application for Temporary and Permanent Injunctions (the "Adversary Complaint") [Adv. Docket No. 1]. The Adversary Complaint alleges violations of the Sections 26.011 and 26.013 of the Texas Property Code, which provide a cause of action for the unauthorized use of a deceased individual's name, likeness and image. More specifically, the Adversary Complaint alleges that the Debtor violated Chapter 26 of the Texas Property Code by its use of Chris Kyle's name, likeness and image. Finally, the Adversary Complaint requests both temporary and permanent injunctions to enjoin the Debtor from its continued unauthorized use of Chris' name, likeness and image.

5.      On September 29, 2014, Debtor filed its Answer and Affirmative Defenses to Plaintiff's Original Complaint and Application for Temporary and Permanent Injunction (the

---

[1] *See* Disclosure Statement of Craft International, LLC at Pg. 15 [Docket No. 13] filed in Craft's bankruptcy cases
[2] *Id.*
[3] *Id.*

"Answer")[Adv. Docket No. 6].

6. On October 4, 2014, the Plaintiffs filed their First Amended Complaint and Application for Temporary and Permanent Injunction (the "Amended Complaint")[Adv. Docket No. 15] naming the Minor Children as additional plaintiffs.

7. The Court held an evidentiary hearing on October 6, 2014 related to the Plaintiff's request for preliminary injunction. At the conclusion of that hearing, the Court granted Plaintiff's request for a preliminary injunction. The Court subsequently entered its Order Granting Preliminary Injunction [Adv. Docket No. 16] memorializing its ruling.

8. The Plaintiffs and Debtor desire to avoid the uncertainties and expense of further litigation, and thus have reached a settlement concerning the causes of actions alleged in the Adversary Complaint and Amended Complaint.  Generally, the settlement provides for a global settlement of all causes of action clams that Plaintiffs have against the Debtor and other parties related to the Debtor. More specifically, the parts of the global settlement that relate to the Debtor involve a settlement of the adversary proceeding whereby the Plaintiffs will dismiss their adversary against the Debtor in exchange for the Debtor transferring all of its rights, interests and ownership in the intellectual property related to the Craft Logo to the Plaintiffs.  Additionally, the Debtor and its principals agree to refrain from using Chris Kyle's name, likeness and image for any purpose. Further, the Debtor has agreed, subject to this Court's approval, to dismiss its bankruptcy case with prejudice upon approval of this 9019 motion. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit A.**

### III. ARGUMENT AND AUTHORIY

9. Federal Rule of Bankruptcy Procedure ("FRBP") 9019(a) provides that "on motion by the [debtor-in-possession] and after a hearing on notice to creditors…the court may

approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Approval of the compromise is specifically "committed to the sound discretion of the Bankruptcy Court." *River City v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980).

10. The Settlement meets the standards set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, *reh'g denied*, 391 U.S. 909 (1968).  In *Anderson*, the United States Supreme Court stated that the following factors are to be considered in determining the appropriateness of a compromise:

   a. The probabilities of ultimate success should the claim be litigated;

   b. An educated estimate of (i) the complexity, expense, and likely duration of such litigation, (ii) the possible difficulties of collecting on any judgment which might be obtained, and (iii) all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

   c. The comparison of the terms of the compromise with likely rewards of litigation

*Anderson*, 390 U.S. at 424-25.

11. Further, in *In re Jackson Brewing*, the Fifth Circuit echoed these factors and specified other considerations such as: (i) uncertainties of fact and law which impact the probability of success and litigation, and (ii) delay and inconvenience which impacts complexity/duration of the litigation.

12. The Settlement clearly meets the standards established by the United States Supreme Court and Fifth Circuit.  Specifically, the Plaintiffs feel strongly about their claims and causes of action, especially in light of the Court's ruling on the temporary injunction. However, the Debtor has expressed it feels equally strongly about its defenses and is prepared to litigate

this Adversary to the fullest extent. Thus, the probability of success is uncertain for both parties. Additionally, the settlement is part of a broader settlement of other claims and causes of action, which also have uncertain results for both parties.

13. The second factor—complexity, difficulty and expense of litigating and recovering—also weighs in favor of this compromise. Naturally, a substantial amount of time and money is saved by the Settlement. Should this Adversary go to trial, it would likely result in a substantial amount of discovery and multiple experts due to the intellectual property nature of the claims. By entering into the Settlement, the parties save a significant amount of time and effort required to prepare for trial. Additionally, the Debtor's subsequent dismissal saves the substantial expense and discovery, by both parties, related to a contested confirmation hearing. Thus, the Settlement is a better outcome for all parties concerned.

14. Finally, the terms of Settlement are favorable compared to possible rewards of litigation. Because the outcome is uncertain, both parties are better served by entering the Settlement because the outcome is known, as compared to a trial where the outcome is uncertain. Additionally, the Settlement globally resolves a number of issues and litigation pending between not just these parties, but also other parties related to the Debtor. Thus, the Settlement should be approved.

WHEREFORE PREMISES CONSIDERED, the Plaintiffs and Debtor pray that this Court enter and order authorizing the Debtor to enter into the Settlement Agreement with the Plaintiffs and that the parties be granted such other and further relief to which it may be justly entitled.

| | |
|---|---|
| Date:   January 16, 2015 | /s/ Jason P. Kathman<br>Gerrit M. Pronske<br>Texas Bar No. 16351640<br>Jason P. Kathman<br>Texas Bar No. 24070036<br>**PRONSKE GOOLSBY**<br>**& KATHMAN, P.C.**<br>2200 Ross Avenue, Suite 5350<br>Dallas, Texas 75201<br>Telephone: 214.658.6500<br>Facsimile: 214.658.6509<br><br>**COUNSEL FOR TAYA KYLE**<br>**AND PLAINTIFFS**<br><br>AND<br><br>/s/ Seymour J. Roberts, Jr.<br>Patrick J. Neligan, Jr.<br>Texas Bar No. 148866000<br>Seymour J. Roberts, Jr.<br>Texas Bar No. 17019150<br>**NELIGAN FOLEY LLP**<br>325 N. St. Paul, Suite 3600<br>Dallas, Texas  75201<br>Telephone: 214.840.5300<br>Facsimile: 214.840.5301<br><br>**COUNSEL FOR DEBTOR** |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 16, 2015 I caused to be served the foregoing pleading upon the parties listed on the attached Creditor Matrix via the Court's electronic transmission facilities and/or United States mail, first class delivery.

/s/ Jason P. Kathman
Jason P. Kathman

**AGREED JOINT MOTION TO APPROVE SETTLEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 – Page 6**