Patrick J. Neligan, Jr.
Texas State Bar No. 14866000
Seymour Roberts, Jr.
Texas State Bar No. 17019150
**NELIGAN FOLEY LLP**
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301
**COUNSEL FOR THE DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 14-32605-BJH-11 |
| **CRAFT INTERNATIONAL, LLC,** § | |
| § | HEARING DATE: February 17, 2015 |
| DEBTOR. § | HEARING TIME: 2:15 p.m. |

### FIRST AMENDED MOTION AND BRIEF FOR ORDER
### DISMISSING BANKRUPTCY CASE

Craft International, LLC ("Craft" or the "Debtor"), the debtor and debtor in possession in the above-captioned bankruptcy case (the "Bankruptcy Case") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"),[1] files this motion and brief (the "Motion") for an order dismissing the Bankruptcy Case under § 1112(b) and, in support, states as follows:

### I. Jurisdiction and Venue

1.  Petition Date. On May 30, 2014 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, initiating the Bankruptcy Case.

2.  Continued Operations. The filing of the petition constituted an order for relief under § 301 and, since that filing, under §§ 1107 and 1108, the Debtor has continued in

---

[1] All of the section references contained in this Motion will refer to the Bankruptcy Code, unless otherwise indicated.

81146v.5

possession and control of assets and property and has continued to operate its business and manage its affairs.

3. <u>Jurisdiction</u>.  This Court has jurisdiction to hear this Motion under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

4. <u>Venue</u>.  Venue is proper before this Court in this district under 28 U.S.C. §§ 1408 and 1409.

5. <u>Statutory Predicate</u>.  The statutory predicate for the relief requested in this Motion is § 1112(b).

6. <u>Standing</u>.  Although the request for dismissal, and the necessary attendant allegations under §1112(b), look like the type of an argument that would ordinarily be made by a creditor or the United States Trustee (the "<u>UST</u>"), a motion to dismiss under §1112(b) is entitled to be made by any party in interest, and that includes a debtor.  Under §1109(b), a party in interest, which includes the debtor, may raise and appear and be heard on any issue in a case under chapter 11 and this, by definition, includes a motion to dismiss under §1112(b)[2].  In fact, the Court is entitled to dismiss a chapter 11 case <u>sua</u> <u>sponte</u>.[3]

## II.  Factual Background

A. **The Debtor's Business Operations**

7. The Debtor is a consulting and training services provider offering a wide range of services and training to federal, state and local customers.  The Debtor specializes in providing turnkey mission solutions to ensure complete operation success.  The Debtor consults with and trains our nation's Special Operators and First Responders.  The Debtor was founded by a mix of

---

[2] In re Optinrealbig.com, 345 B.R. 277, 282-283 (Bankr. D.Colo. 2006) ("Optinrealbig").  In re Products International Company, 395 B.R. 101, 107 (Bankr. D.Ariz. 2008) ("Products International").
[3] In re Starmark Clinics L.P., 388 B.R. 729, 736 (Bankr. S.D.Tex. 2008) ("Starmark").

**FIRST AMENDED MOTION AND BRIEF FOR ORDER
DISMISSING BANKRUPTCY CASE -- Page 2**

81146v.5

Special Operations Forces Operators and successful businessmen. The Debtor is a leader in integrated training and security solutions for operations in austere environments and situations.

8. The Debtor's training procedures currently include the following:

- **Military Training.** The military training available at Craft can be customized to suit the needs of the customer including, without limitation, large-scale pre-deployment training or specific instruction in one particular skill. Students can be trained at various facilities (which Craft pays to use, but does not own). Craft can facilitate military training at other unique locations and handle all logistical aspects of a unit to conduct its own military training. Craft understands the importance of realistic, intense training and preparation; and understands that every unit's needs are different. Craft works to develop a program that fits the needs and responsibilities of each of its customers, giving them the tools that they will need in combat. In addition to customizable courses, Craft offers several courses designed specifically for military operators such as sniper courses, counter terrorist courses, close quarter combat courses, specialty courses, and driving courses.

- **Law Enforcement.** The law enforcement training at Craft is based upon Craft's vast network of instructors who have extensive backgrounds in a variety of law enforcement related subjects. Many of Craft's instructors have a combination of military, law enforcement and defense contractor experience to draw upon in order to support the curriculum anecdotally and deliver exceptional training. Craft recognizes the importance of providing law enforcement officers with comprehensive training to address a wide array of increasingly dangerous and sophisticated threats. Many of Craft's staff have extensive law enforcement experience and have trained various police and SWAT units around the country. In addition to customizable courses, Craft offers several courses designed ideally for law enforcement officers such as sniper courses, and large caliber courses.

- **Combative Training Program.** The object of Craft's combative training is to help the customer learn how to create tactical transitions and solutions to and from his or her firearm. Each operator will understand his or her limitations and natural habits and begin to work on the solutions that will create the necessary time and distance needed to deploy the firearm. Each student will learn the science of behavior and how to recognize lethal intent within his or her adversary. This is taught under Craft's exclusive Tacflow™ Method. All disciplines from firearm to hands-on technology are learned. The Tacflow™ Method is the blending of the old technologies of Kali and Silat (Filipino, Indonesian and Malaysian bladed and empty handed combatives) with the weapons that law enforcement and military find themselves fighting with today. The technology that is taught is strictly for LE, MIL, and DOD personnel only. Courses cover combatives in the close quarters environment with an intent to end the engagement by creating time, distance and opportunity to maintain the tactical flow. Through drills that easily translate from the student's pre-existing shooting and movement skills, the student will be able to effectively learn how to move better in the "hands-on" engagement.

- **Civilian and Corporate Training.** Craft offers training to law abiding civilians looking to increase their own self-reliance to protect themselves or their families, or to increase their long range rifle skills as sportsmen. Craft's civilian training events are run at Rough Creek Lodge & Resort, which is a Five Star resort on 11,000 acres outside of Glen Rose, Texas. The range facilities include a 1,300 yard range, a 100 yard carbine range with an Action Target system and a 50 yard range for pistol and carbine work. Class subject matters include precision marksman, defensive pistol, defensive carbine, business traveler awareness, and home invasion.

- **Government Contracting.** Craft is a Tactical Training Provider and offers a wide range of services and training to its Federal Customers. This tactical training includes: (a) weapons training (e.g., pistol, carbine, sniper, combatives); (b) tactical medical training, including LTT; (c) tactical driving; (d) CONOPS and battle space integration; and (e) security (e.g., PSD and facility security).

**B.     The Lawsuits**

9.      The Debtor and various related parties are involved in separate lawsuits. One lawsuit is a state court action filed by Taya Kyle ("Taya") on December 23, 2013, <u>Taya Kyle a/k/a Mrs. Chris Kyle v. Craft International LLC, Craft International Risk Management, LLC, Steven Young and Bo French</u>, Cause No. DC-13-14996, in the 14th Judicial District Court of Dallas County (the "D&O Action"). In the D&O Action, Taya sued the Debtor's officers and directors, on her own behalf and derivatively on behalf of the Debtor for, among other things, breach of fiduciary duty, fraud, conversion and civil theft and civil conspiracy. The defendants answered and contested that action. The filing of the Bankruptcy Case automatically stayed the D&O Action under § 362(a).

10.     Another lawsuit is an adversary proceeding in this Bankruptcy Case filed by Taya on August 27, 2014 against the Debtor for the unauthorized use of Chris Kyle's name, likeness and image (the "Adversary Proceeding"), <u>Taya Kyle v. Craft International, LLC</u>, Adversary No. 14-03115.

**C.     Proposed Settlement of the Lawsuits**

11.     The parties to the Lawsuits agreed to enter into a Settlement Agreement (the "Settlement Agreement") to resolve the Lawsuits.  A copy of the Settlement Agreement is attached as **Exhibit A**.  See also the Agreed Joint Motion to Approve Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 [D.E. 55] that was filed on January 16, 2015.

### III.     Relief Requested

13.     The Settlement Agreement calls for the dismissal of the Bankruptcy Case, which is the genesis of this Motion.

### IV.     Basis For Relief

**A.     Introduction**

14.     Unless there are "unusual circumstances" that are specifically identified by the court that establish that dismissal or conversion is not in the best interest of creditors and the estate, on request of a party-in-interest, and after notice and a hearing, the court is required to dismiss or convert a bankruptcy case, whichever is in the best interest of creditors and the estate, if the movant establishes cause.[4]  The purpose of § 1112(b)(1) is to "preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation."[5]

15.     If a chapter 11 case is unable to reorganize under the framework of the Bankruptcy Code, then there is no longer any point in continuing to use assets of the estate to pay administrative expenses and delay creditors from exercising their rights under applicable non-bankruptcy law.

---

[4]     Section 1112(b)(1).
[5]     Matter of Vallambrosa Holdings, L.L.C., 419 B.R. 81, 88 (Bankr. S.D.Ga. 2009) ("Vallambrosa"), citing Loop Corp. v. United States Trustee, 379 F.3d 511, 516 (8th Cir. 2004), cert. denied, 543 U.S. 1055 (2005).

**FIRST AMENDED MOTION AND BRIEF FOR ORDER
DISMISSING BANKRUPTCY CASE -- Page 5**

81146v.5

**B.      Cause Exists to Dismiss the Bankruptcy Case**

16.     For dismissal to be granted, the court must first decide whether "cause" exists for the requested dismissal or conversion. If the court does find that such cause is present, the court must then determine whether dismissal or conversion is in the best interests of the creditors and the bankruptcy estate.[6] Section 1112(b)(4) provides a list of examples for what constitutes cause to dismiss or convert a bankruptcy case. This list is considered to be illustrative, and not exhaustive or exclusive.[7] The word "cause" is supposed to be flexible so that courts can take into account other factors that arise in any particular case, and use their equitable powers to reach the right result.[8] The moving party is not required to show each and every cause factor.[9] Only one factor needs to be proved.[10] In addition to those factors enumerated in Section 1112(b)(4), bankruptcy courts have held that the following factors also constitute the necessary cause for dismissal or conversion under that provision: (a) settlement with a litigation nemesis[11]; (b) a material change in the debtor's circumstances that results in a scenario where a reorganization under the Bankruptcy Code no longer serves the interest of the debtor or its creditors[12]; (c) where a debtor tries to use the provisions of the Bankruptcy Code to gain an unfair advantage in a two

---

[6]     In re OptInRealBig, 345 B.R. 277, 282 (Bankr. D.Colo. 2006) ("OptInRealBig"). In re Hampton Hotel Investors, L.P., 270 B.R. 346, 358-359 (Bankr. S.D.N.Y. 2001) ("Hampton") See also, Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.), 14 F.3d 240, 242 (4th Cir. 1994) ("Rollex").
[7]     In Re Miell, 419 B.R. 357, 366 (Bankr. M.D.Iowa 2009) ("Miell"). In Re Pittsfield Weaving Company, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) ("Pittsfield"). In re Wells, 227 B.R. 553, 560 (Bankr. M.D.Fla. 1998) ("Wells"). In re Young, 409 B.R. 508, 512 (Bankr. D.Idaho 2009) ("Young").
[8]     Wells, 227 B.R. 560, citing In re Maricamp Square Associates, 139 B.R. 554, 557 (Bankr. M.D.Fla 1992). Hampton, 270 B. R. at 358. In re Products International Co., 395 B.R. 101, 107 (Bankr. D.Ariz 2008) ("Products International"). Miell, 419 B.R. at 366. In Re Federal Roofing Co., Inc., 205 B.R. 638, 641 (Bankr. N.D.Ala. 1996) ("Federal Roofing").
[9]     Mielle, 419 B.R. at 366. Products International, 395 B.R. at 110.
[10]    Federal Roofing, 205 B.R. at 641.
[11]    OptInRealBig, 345 B.R. at 283.
[12]    OptInRealBig, 345 B.R. at 283.

**FIRST AMENDED MOTION AND BRIEF FOR ORDER**
**DISMISSING BANKRUPTCY CASE -- Page 6**

81146v.5

party dispute[13]; (d) negative cash flow[14]; and (e) the commission of a crime where the components of fraud and dishonesty are present.[15]

17.     There exists the necessary cause here which warrants the dismissal of this Bankruptcy Case. The Settlement Agreement incorporates a settlement between the Debtor and its litigation nemesis, Taya whereby the two existing lawsuits between them, the D&O Action and the Adversary Proceeding, will be finally settled. In addition, consummation of the Settlement Agreement will result in a scenario where a reorganization under Bankruptcy Code will be impossible because the Debtor will no longer own its intellectual property, its most valuable asset. The intellectual property will be owned by Taya.

C.     **There are no Unusual Circumstances that Justify Denying this Motion**

18.     Once cause has been shown to dismiss a bankruptcy case under Section 1112(b), the next step is to determine whether there are any unusual circumstances that would negate dismissal.[16]

19.     These unusual circumstances can only be those that are specifically identified by the Court.[17]  Although Section 1112(b) does not provide a definition for such "unusual circumstances," courts have held that that phrase means conditions that are uncommon in chapter 11 cases.[18]

20.     There are no unusual circumstances under Section 1112(b)(1) and (2) which would act to neutralize the cause factors and prevent this Court from dismissing this Bankruptcy

---

[13]     In re Starmark Clinics, LP, 388 B.R. 729, 736 (Bankr. S.D.Tex. 2008).
[14]     Mielle, 419 B.R. at 366.
[15]     Mielle, 419 B.R. at 366.
[16]     Section 1112(b)(1). Pittsfield, 393 B.R, 274. Mielle, 419 B.R. at 367. In re Wahlie, 417 B.R. 8, 13 (Bankr. N.D.Ohio 2009) ("Wahlie").
[17]     Section 1112(b)(1). Products International, 395 B.R. at 108.
[18]     Pittsfield, 393 B.R. at 274-275. Products International, 395 B.R. at 108-109. Mielle, 419 B.R. at 367. Wahlie, 417 B.R. at 13.

**FIRST AMENDED MOTION AND BRIEF FOR ORDER
DISMISSING BANKRUPTCY CASE -- Page 7**

81146v.5

Case. Settlement with its litigation nemesis is a big step forward for the Debtor and justifies the requested dismissal.

**D.    Dismissal of the Bankruptcy Case is in the Best Interest of the Estate and its Creditors**

21.    After the requisite cause has been shown under Section 1112(b) and there has been a determination that there are no unusual circumstances that would negate the relief requested, a court is then faced with the decision of whether to dismiss or convert the bankruptcy case. The vehicle for making that decision is the test for what is in the best interests of the creditors and the estate.[19]

22.    It will be in the best interests of the unsecured creditors for the Bankruptcy Case to be dismissed. Steve Young ("Mr. Young"), the Debtor's Managing Member and President, is in the process of acquiring all of the Debtor's unsecured claims. The Debtor has forty (40) unsecured creditors, including thirty-six (36) Noteholders. As of the timing of the filing of the first version of this Motion, twenty-eight (28) of the Debtor's unsecured creditors entered into assignment agreements transferring their unsecured claims against the Debtor to Mr. Young; nine (9) of the Debtor's unsecured creditors verbally committed to Mr. Young that they would enter into similar assignment agreements; and one (1) unsecured creditor of the Debtor gave Mr. Young an e-mail commitment to do the same. There are only two (2) of the Debtor's unsecured creditors that Mr. Young has contacted but has not heard back from yet. Of the approximately $4 million owed to all of the unsecured creditors, they are owed approximately $78,000. Mr. Young anticipates that by the time of the hearing on this Motion, all of the Debtor's unsecured creditors will have entered into assignment agreements assigning their unsecured claims to Mr.

---

[19]    Products International, 395 B.R. at 108 n. 7.

**FIRST AMENDED MOTION AND BRIEF FOR ORDER**
**DISMISSING BANKRUPTCY CASE -- Page 8**

81146v.5

Young.  With this in mind, it is fair to say that the unsecured creditors are in favor of this Court granting this Motion.

23. In addition, all of the UST fees will be paid in full upon dismissal.

24. There is simply no reason for the Debtor to continue with the Bankruptcy Case, and this Bankruptcy Case should be dismissed.

## V. Prayer

The Debtor prays that this Court grant this Motion by entering an order that: (a) dismisses the Bankruptcy Case, as requested herein; and (b) awards the Debtor such other and further relief, special or general, at law or in equity, as this Court may deem just and proper.

Dated:  February 2, 2015     Respectfully submitted,

**NELIGAN FOLEY LLP**

By: */s/ Patrick J. Neligan, Jr.*
    Patrick J. Neligan, Jr.
    Texas State Bar No. 14866000
    pneligan@neliganlaw.com
    Seymour Roberts, Jr.
    Texas State Bar No. 17019150
    sroberts@neliganlaw.com

325 N. St. Paul, Suite 3600
Dallas, Texas  75201
Telephone:  (214) 840-5300
Facsimile:  (214) 840-5301

**COUNSEL FOR THE DEBTOR**

**Certificate of Service**

I hereby certify that on the 2nd day of February, 2015 a true and correct copy of the foregoing was served via the Court's ECF notification system and on each party listed on the attached Matrix by regular mail.

/s/     *Seymour Roberts, Jr.*
Seymour Roberts, Jr.

5.11, Inc.
4300 Spyres Way
Modesto, CA  95356


AEM Partners II, LP
Attn: Ardon Moore
201 Main Street, Suite 3200
Fort Worth, TX  76102


AL CRAFT LLC
Attn: Alex Lamond
Miramar Plaza Building, Suite 400
Ave Ponce de Leon #954
San Juan, Puerto Rico  00907


American Express
PO Box 650448
Dallas, TX  75265-0448


Andrew Alexander
6147 Lakeshore Drive
Dallas, TX  75214


Armer & Smith Capital Group LLC
Attn:  Kevin Smith
7109 Greenshores Drive
Austin, TX  78730


Bob Lilly Professional Promotions
12850 Spurling Road
Dallas, TX  75230


Bray Family Trust
Attn:  Benny Bray
4012 Glenwick Lane
Dallas, TX  75205

Charles Fitzgerald
c/o V3 Capital Management LP
477 Madison Avenue, Suite 320
New York, NY  10022


Chris Pittman
4078 Creekside Drive
Dallas, TX 75229


Christopher E. Kirkpatrick
5839 Meadowcrest Drive
Dallas, TX  75230


Colonnetta Family Partners I
5435 Park Lane
Dallas, TX  75220


Colt Ventures Ltd.
Attn: Darren Blanton
2101 Cedar Springs Road, Suite 1230
Dallas, TX  75201


Daniel S. Loeb
390 Park Avenue, 18th Floor
New York, NY  10022


David Feherty
6422 Prestonshire Lane
Dallas, TX  75225


Derrick Hunt
3325 Boggett Ct.
Southlake, TX  76092


Devin Phillips
4119 Briargrove Lane
Dallas, TX  75287

Double Eagle Capital Management LP
909 Lake Carolyn Pkwy Suite 1825
Irving, TX  75039

Edward Deegan
2101 Carleton Avenue
Fort Worth, TX  76107

Edward Morales
23219 N. 25th Street
Phoenix, AZ  85024

Fred C. Pederson
Little Pederson Fankhauser LLP
901 Main Street, Suite 4110
Dallas, TX  75202

Fred W. Brown
8323 S.W. Frwy. Suite 475
Houston, TX  77074

Freeman Capital Ltd.
Attn:  Brandon Freeman
100 Crescent Court, Suite 1450
Dallas, TX  75201

Gerrit M. Pronske
Jason P. Kathman
Pronske Goolsby Katham
2200 Ross Avenue, Suite 5350
Dallas, TX  75201

Hayman Partners LP
Attn: Jeff Knowlton
2101 Cedar Springs Road, Suite 1400
Dallas, TX  75201

Hunter Brous
1221 South Congress Avenue, Apt 421
Austin, TX  78704


Internal Revenue Service
Special Procedures Branch
1100 Commerce Street, MC 5020 DAL
Dallas, TX  75242-1496


J. David Gillikin
4731 Wildwood Road
Dallas, TX  75209


Jeffrey Roger Staubach Trust
5505 Nakoma Drive
Dallas, TX  75209


JL CRAFT LLC
Attn:  Joseph A. LaNasa III
54 Byram Drive
Greenwich, CT  06830


Johnny D. Showalter
6215 Parkside Drive
Arlington, TX  76001


John Walding
14610 Riverside Drive
Little Elm, TX  75068


Joshua Douglas White
5726 Preston Haven
Dallas, TX 75230


Kelly Canterbury
2315 Calmont Drive
Arlington, TX  76001

Kevin Lacz
1320 Bridgton Cape Ct.
Winston Salem, NC  27127

Lawrence J. Freidman
Shauna A. Izadi
Friedman & Feiger
5301 Spring Valley Road, Suite 200
Dallas, TX  75254

Mark Lang
2817 Daniel Creek
Mesquite, TX  75181

MC3B LLC
Attn:  Mike Burress
5430 LBJ Freeway, Suite 1090
Dallas, TX  75240

Mai Armstrong Brous
4426 Bluffview Blvd.
Dallas, TX 75209

Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242

Quail County Construction Co. Inc.
Attn:  Tim Allen
2495 N US Highway 385
Andrews, TX  79714

Randy Dehay
5460 Ranch Road 32
Blanco, TX  78606

Ray's Hardware & Sporting Goods
730 Singleton Blvd.
Dallas, TX 75212

RBH Ventures Ltd.
Attn: Bradley Hicks
100 Crescent Court, Suite 1200
Dallas, TX 75201

Red Gap Communications
504 Main Street
Fort Worth, TX 76102

Rigo Durazo
23219 N. 25th Street
Phoenix, AZ 85024

Roger T. Staubach
5242 Ravine Drive
Dallas, TX 75220

RRP Training LLC
Attn: Raymon Hunt
600 Milam Court
Irving, TX 75038

Scot & Catherine J. Phillips
3601 Wentwood
Dallas, TX 75225

Securities and Exchange Commission
175 West Jackson, Suite 900
Chicago, IL 60614

Shannon Rogers
23219 N. 25th Street
Phoenix, AZ 85024

State Comptroller of Public Accounts
Revenue Accounting Division –
Bankruptcy Section
PO Box 13528
Austin, TX  78711


Taya Kyle
P.O. Box 1337
Midlothian, TX  76065


Texas Attorney General's Office
Bankruptcy-Collections Division
PO Box 12548
Austin, TX  78711-2548


Texas State Comptroller
PO Box 149348
Austin, TX  78714-9348


The Get Good Trust
Attn: Jim Dondero
300 Crescent Court, Suite 700
Dallas, TX  75201


Toby Neugebauer
3700 Winding Creek Drive
Austin, TX  78735


Todd Groves
6207 Glendora Avenue
Dallas, TX  75230


TOH Jr Ventures Ltd
Attn:  Thomas O. Hicks, Jr.
100 Crescent Court, Suite 1200
Dallas, TX  75201

Trinity Equity Partners I LP
Attn: Wil VanLoh
1401 McKinney Street, Suite 2700
Houston, TX  77010


Utopia Investments Ltd.
Attn: Aaron Kozmetsky
4117 Windsor Pkwy
Dallas, TX  75205


William L. Wallander
Katherine Drell Grissell
Vinson & Elkins
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975


79045v.1